Leonard J. Litz, J.
This case is considered on an agreed *572 statement of facts. Both parties have filed petitions with this court, the petitioner charging the respondent with violation of an order of support and the respondent requesting a modification downward of the support order based upon a change of circumstances. It is generally agreed that the relief to be granted rests solely on questions of law.
The parties to this proceeding were divorced in 1965. The petitioner wife was awarded custody of the four children of the marriage and the respondent was directed to pay the sum of $50 per week for their support and maintenance. In September of 1971, two of the four children were no longer living with the petitioner and accordingly the order of support was reduced to $35 per week which was intended to provide support for the two children who remained at home. In May of 1974, one of the two children who was living with the petitioner, left the home, with the consent of the petitioner, to take up living quarters by herself. The respondent father was not made aware of this until Christmas of that year, at which time he was told that his daughter was married, when in fact she was not, but rather had a child out of wedlock and was residing in her own apartment. Also, unbeknown to the respondent, his daughter had applied for public assistance and was receiving assistance in her own right for herself and her child.
In January, 1975, the respondent unilaterally reduced his payments to $20 a week, contending that his daughter was emancipated and this event terminated his responsibility to support her. The support now being paid by respondent is for the one child who remains at home with the petitioner. A violation petition was subsequently filed charging failure to comply with the existing order of support and the respondent in turn filed a modification petition requesting that an order be made relieving him from the obligation to render any support for the child who had left the petitioner’s home.
Although the Department of Social Services of Schenectady County has no formal petition before the court, they have interceded, and with the consent of the petitioner, have requested that they be made beneficiary of so much of the order of support, which requires support payments for respondent’s daughter who no longer lives with the petitioner. Technically, it could be argued that the Department of Social Services has no standing in the proceeding which is before the court but since there was no objection raised by either party, the court *573 in reaching its decision will consider that the Department of Social Services is properly before the court. There can be little argument that under sections 415 and 422 of the Family Court Act, and 102 of the Social Services Law of the State of New York, the officials of the Department of Social Services are authorized to bring a proceeding in this court if public assistance is being furnished.
The respondent’s daughter who has left home and receiving public assistance is 19 years of age. There is no determination to be made by this court as to whether this 19-year-old daughter is emancipated since both parties have stipulated and agreed that she is emancipated. Ordinarily the question of whether there has been an emancipation is a factual one and such a determination is usually made after receiving proof as to whether the act which is claimed as the basis for the change in status is one that occurred by operation of law, by an act or acts of the natural parent alone or by the act or acts of the child. The court may also conclude after receiving proof, that there was only a partial emancipation rather than a total emancipation.
The law is well settled that the burden of proving emancipation of a minor by the parent is upon him who asserts such a position. (Spurgeon v Mission State Bank, 151 F2d 702; Straver v Straver, 26 NJ Mis Rep 218.) In this proceeding both parties agreed that no proof was necessary in that the court was authorized to decide the matter as if proof had been offered to establish total emancipation of the respondent’s daughter. The question to be decided is whether emancipation is a complete defense sufficient to relieve a natural parent from his legal obligation to provide support for his child who is under the age of 21 years.
Prior to September 1, 1974, the statutes which imposed the responsibility of support on the natural parents for the support of their children continued during the child’s minority. (Family Ct Act, §§ 413-416, 437.) These statutes were amended by chapter 937 of the Laws of 1974 by deleting the word minor and substituting in its place the words under the age of 21 years. Section 119 of the Family Court Act was also amended by chapter 937 of the Laws of 1974 which defines a minor to be "a person who has not attained the age of eighteen years”. The Legislature in enacting these amendments, took great pains in leaving no doubt that the responsibility of a natural parent to support his children was not to *574 terminate on the child reaching his adulthood, which is 18 years, but under certain conditions, could continue for any child who was under the age of 21 years. This statutory obligation is identical whether the responsibility is established under section 413 or section 415 of the Family Court Act. Therefore, the fact that the respondent’s daughter has attained her adulthood, namely 19 years of age, alone, would not authorize a modification of the present order of support.
As was held in the Matter of Roe v Doe (29 NY2d 188) where a minor daughter abandons her home, she forfeits her right to support. The court determined a minor child, who chooses not. to submit to what the father considers to be proper discipline, cannot enlist the aid of the court in frustrating that authority, reasonably exercised, by requiring that her father accede to her demands and underwrite her chosen lifestyle (p 194). In such instances, the natural parent is relieved of his obligation to support, even though the child is under 21 years of age.
It is the policy within this State that a father of a minor child is chargeable with the discipline of his child. Consistent with this policy, the Legislature, in implementing the basic decision to recognize age 18 years as the focal point of adulthood, continued the right of a parent, guardian or other person entrusted with the care and supervision of a person under the age of 21 years, to use such reasonable means that he believes necessary to maintain discipline or to promote the welfare of such a person.
The legislative intent in requiring a parent to support a child under the age of 21 years presupposes that the parent has the right to the custody and control of that child. This is not to say that a parent is necessarily relieved of this obligation when the right to custody and control may be interrupted by some, involuntary act on the part of the parent as well as the child. (Matter of Jesmer v Dundon, 29 NY2d 5.) Where a child voluntarily leaves a parent’s home, without just cause, the parent loses the fundamental and legal right to supervise the conduct of that child and logically should be relieved of the obligation to support. (Matter of Roe v Doe, 29 NY2d 188, supra.)
It is therefore the decision of the court that when the court is presented a petition under section 413 of the Family Court Act, and there is a determination, or, as in this case, a stipulation that the child is totally emancipated, such a find *575 ing is a complete defense sufficient to relieve the parent from further responsibility to provide support for his child even though the child is under 21 years of age.
We pass now to the request of the Department of Social Services of Schenectady County to be made beneficiary of so much of the order of support attributable to the respondent’s 19-year-old daughter. In effect, the court is being asked to make an order as if a petition had been filed pursuant to section 415 of the Family Court Act. Admittedly, the respondent’s daughter is receiving public assistance in her own right.
Since public funds are being furnished to satisfy an obligation primarily imposed upon a parent by law, the Department of Social Services contends that emancipation "is no defense, and as between the parent, who is chargeable with the duty of providing support for a dependent, and the community, that obligation must first rest with the parent”.
A research of the authorities has failed to disclose any case which is determinative of the question which is raised by the factual situation before this court. The question of emancipation has been considered by our courts, as it affects the legal responsibility between parent and child (see Matter of Bates v Bates, 62 Misc 2d 498; Murphy v Murphy, 206 Misc 228) but not in the context of whether a finding, or an agreement, that total emancipation is a complete defense, even though public funds are furnished to support a child who is under 21 years of age.
Emancipation, as the term is used, generally means the freeing of the child from the custody and control of the parent and the right of the child to collect and control his own wages. Webster’s dictionary defines the word "emancipated” as "releasing from parental power — making a person released, sui juris, — to free from any controlling influence, those who demand the right to live their lives in their own way”. It seems that the fact of emancipation is not to be presumed, but must be proved in most cases. The burden of proof is on the one asserting emancipation, generally the father, who is claiming immunity because of it. (See American Prods. Co. v Villwock, 7 Wash 2d 246, 32 ALR2d 1055-1071.)
Once having concluded that there is an emancipation, the issue that remains is whether society or the parent should be compelled to support the child.
Subdivision 1 of section 101 of the Social Services Law provides that a "parent of a recipient of public assistance or *576 care * * * shall, if of sufficient ability, be responsible * * * for the support of a child under the age of twenty-one years” (as amd by L 1974, ch 909, § 4). Section 415 of the Family Court Act reads similarly with the exception that certain powers which were mandatory have now become discretionary. (As amd by L 1965, ch 674; L 1966, ch 256, § 46.)
While there is no doubt that the court has the power to compel a parent to support a child who has reached his adulthood (age 18 years), but who is still under the age 21 years (Family Ct Act, § 415), the court would be abusing this power if an order were made when total emancipation is established. A heavy burden rests with the court in reaching this conclusion that emancipation has occurred, especially where public funds are involved. However, once such a finding is made, the court may properly use its discretion in freeing the parent from the bondage imposed upon him by law. There is no hard or fast rule to determine emancipation, and such depends upon the particular circumstances of each case and upon the intent of the person who has the power to effect an emancipation. (Niesen v Niesen, 38 Wis 2d 599.) Emancipation is a complete defense whether public funds are furnished or not.
Accordingly, the court finds that there has been a change of circumstances and that there should be a modification of the present order of support relieving the respondent from providing any support for his daughter, Mary Ann Bickford. The application of the Department of Social Services to be made beneficiary of so much of the order of support for respondent’s emancipated daughter is also denied. The petition charging a violation of support is dismissed with the exception that the petitioner is entitled to receive, as arrears, the sum of $7.50 per week on that portion of the order of support applicable to respondent’s daughter who still resides with the petitioner from January, 1975 to March, 1975.