Lee Towns Adams, J.
Jeb Stuart Fries received a serious injury while a participant in a burglary and robbery. He was hospitalized in the plaintiff hospital. Jeb Stuart was 20 years old when he was admitted to the hospital. The hospital bill remains unpaid although almost a year has elapsed since it rendered services to young Fries. Accordingly, the hospital has sued Fries’ parents and the County of Chautauqua to recover. The demand for payment from the county is based upon *170 section 500-c of the Correction Law which states that the "sheriff * * * shall have the custody of the county jails and shall receive and safely keep,[1] in the county jail of his county, every person lawfully committed to his custody for safekeeping, examination, or trial”.
Defendants Fries have moved for summary judgment. They allege that Jeb had reached his majority, and was emancipated, at the time of his hospitalization. Plaintiff, citing section 32 of the Domestic Relations Law and section 101 of the Social Services Law against the defendants Fries, and the Correction Law against the county, has made a cross motion for the same relief.
This court is very familiar with the story of Jeb Stuart’s ill-fated robbery expedition, for it empaneled the grand jury which indicted him and his acquaintances; and those indictments were duly prosecuted to conclusion before it. Fries, armed with a shotgun, and two companions broke into a farmhouse in the Town of Hanover. They intended to steal a safe which had been recently delivered to the house by a friend of one of them. They forgot (if they ever knew) the precepts contained in the Second General Confession, for "They left undone those things which they ought to have done; and they did those things which they ought not to have done.” They neglected to inquire of the mettle of the inhabitants of the house, and they robbed the wrong place.
Fries held his gun on the farmer and his wife. The accomplices manhandled the safe out of the house. But, while they were doing that, the farmer’s wife wrestled Fries for the gun, and it discharged into his leg. Fries managed to get out of the house, although he left a good portion of one of his thighs splattered all over inside. Fries’ partners delivered him to the Lake Shore Hospital where he was treated.
At common law parents were not obliged to support children who had attained majority. (Matter of McClancy, 182 Mise 866, affd 268 App Div 876, affd 294 N Y 760.) The liability imposed by section 101 of the Social Services Law upon parents of children who are not minors is purely statutory, and must be strictly construed. (Trussell v Kostiw, 35 Misc 2d 60). The primary purpose of the statute imposing a liability on certain persons to support relatives of legal age is *171 to protect the public purse. (Matter of Salm, 171 Misc 367; Matter of Rickey, 126 NYS 2d 261.)
Defendants Fries’ motion for summary judgment must, accordingly, be granted. The complaint does not allege that Jeb Stuart Fries is "a recipient of public assistance or care or a person liable to become in need thereof’ (Social Services Law, § 101, subd 1). Nor does the complaint allege that the parents are "of sufficient ability”. Nor does the complaint allege that the plaintiff is "a legally incorporated nonprofit institution which receives payments from any governmental agency for the care of medically indigent patients.” (Social Services Law, § 101, subd 2.)[2]
Plaintiff’s motion for summary judgment against defendants Fries must be denied perforce. So must its motion for judgment against the county. Since the action against the county is predicated upon the Sheriff’s liability under section 500-c of the Correction Law, a part of which is quoted supra, the complaint must allege that Jeb Stuart Fries was "lawfully committed to his [the sheriff’s] custody.” An informal opinion of the Attorney-General holds that a "magistrate may immediately issue a commitment to the sheriff * * * until a person can be lawfully arraigned and the sheriff must receive the individual to his custody. If that be in a hospital, then he may exercise his emergency powers if needed and the prisoner must be held as required under the commitment at the expense of the county. It has been said it is not for the sheriff for his deputies to question a commitment issued by a magistrate with power to do so (People ex rel. Coates v Martin, 8 A D 2d 688) and upon the issuance of a commitment pursuant to a lawful arrest, it is the sheriff’s obligation to immediately take custody and provide for the prisoner as required by law and his physical condition at that time.” (1967 Atty Gen [Inf Opns] 67, 68.)
Since the statute requires a lawful commitment, and none is alleged, the plaintiff’s suit against the county, as it is responsible for the Sheriff’s prisoners, must fail. Were this not the *172 case, a plethora of problems would plague the police, the courts, and the hospitals. This court knows not how many drivers of vehicles involved in accidents were arrested for a violation of section 1192 of the Vehicle and Traffic Law while hospitalized, or just prior to hospitalization, in the last year. But it must have been a large number, for the police cannot request a chemical test for blood alcohol without first arresting a suspected drunken driver. How many claims against counties would there be if mere arrest, rather than commitment, occasioned county liability for hospitalization?
The county is deemed to have made a cross motion for summary judgment, or judgment on the pleadings. Such motion to dismiss is granted. The plaintiff has leave to proceed against any proper party, including the county, upon a proper complaint, with sufficient allegations, under the Social Services Law'.

. Split verb form is Legislature’s doing.

. Cf. Bickford v Bickford (83 Misc 2d 571), wherein the Schenectady County Family Court held that emancipated children between the ages of 18 and 21 were not entitled to support even though receiving public assistance, the statutes notwithstanding. Since the decision in the instant case rests on other grounds, this court has not ruled on the point raised by defendants Fries that they can never be held liable for their son’s hospitalization as he was emancipated at the time. Emancipation is always a question of fact.