## (December 21, 1976)

■ In the Matter of ANGELIE C. PARKER, Appellant, v HAROLD STAGE, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from an order of the Family Court, Orange County, dated April 1, 1976, which, after a hearing, dismissed the petition. Order affirmed, without costs or disbursements. The respondent father has been divorced from his former wife for a good number of years. From the time of the divorce until the latter part of 1974, the respondent's daughter continued to reside with him. In October, 1974 his daughter, then aged 18, left home. The girl subsequently returned home on a number of occasions for short periods of time and then left again. It appears from the record that the daughter's final departure from the respondent's home was prompted by her desire to live with her boyfriend and to have a child by him. There is no evidence which shows that the respondent in any way forced his daughter to

leave or that he imposed unreasonable or arbitrary demands upon her. Following the birth of a child born out of wedlock, the daughter applied for and began receiving public assistance for herself and her child in the category of aid to dependent children. In January, 1976 the petitioner, the Deputy Commissioner of Social Services of Orange County, commenced the instant proceeding on behalf of the daughter to compel the respondent to provide for the daughter's support. At the present time the daughter is still under the age of 21. The sole issue presented on this appeal is whether the respondent, if financially able, is still liable for the support of his child. Under the facts herein, we conclude that he is not. It is now clear that a natural parent is responsible for the support of his child until that child reaches the age of 21 years (see Family Ct Act, §§ 413, 415; *Matter of Bickford v Bickford,* 83 Misc 2d 571). However, implicit in the continuing support obligation, is the parent's right of control and discipline over the child. Thus, it has been held that where, as here, "a minor of employable age and in full possession of her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control she forfeits her right to demand support" *(Matter of Roe v Doe,* 29 NY2d 188, 192). The petitioner argues, however, that a distinction must be drawn between a support proceeding involving a child and his parent and one involving public welfare officials and a natural parent. Indeed, one Family Court case, relying upon that distinction, held that the primary support obligation lies with the parent rather than with the taxpayer *(Wayne County Dept. of Social Servs. v Schultz,* 81 Misc 2d 603; see, also, *Niesen v Niesen,* 38 Wis 2d 599; but see Matter of Bickford v Bickford, supra). The statutory duty of support is identical whether that responsibility is established under section 413 or section 415 of the Family Court Act (see *Matter of Bickford v Bickford, supra,* p 574). Once a child voluntarily abandons the parents' home, through no fault of the parents, to avoid parental authority or discipline, that child forfeits his right to support. The support obligation cannot be revived merely because the petitioner is the Department of Social Services instead of a responsible relative or Law Guardian. Indeed, to allow such a result would be illogical and contrary to the rationale behind the decision in *Matter of Roe v Doe (29 NY2d 188, 194, supra),* where the court pointed out that a child who deliberately and voluntarily abandons his parents' home to avoid parental authority "cannot enlist the aid of the court in frustrating that authority, reasonably exercised, by requiring that her father accede to her demands and underwrite her chosen lifestyle". Similarly, the child should not be able to enlist the aid of the Department of Social Services to frustrate reasonably exercised parental authority. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.