(57 App Div. 310.)

### DOWNEY v. BENDER et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

MASTER AND SERVANT—HOURS OF LABOR—PUBLIC WORKS.

    The supply of gas and electricity for illumination and power to the capitol and executive mansion of the state, by a company engaged in supplying gas and electricity to the public generally, is not a "public work," within Laws 1897, c. 415, amended by Laws 1899, c. 567, prohibiting laborers to be employed for more than eight hours in any day on public works.

Appeal from special term, Albany county.

Action by Patrick J. Downey against Harry H. Bender, as superintendent, etc., and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

William E. Woollard, for appellant.

Reilly & Hamilton, for respondent Municipal Gas Co.

KELLOGG, J. The ground of demurrer discussed upon this appeal is that plaintiff's complaint fails to state a cause of action. The plain-

tiff is not a party in interest, but brings the action as a citizen, and alleges that the Municipal Gas Company has a contract with the state of New York, and in the performance of its contract has violated the provisions of the so-called "Labor Law" (chapter 415, Laws 1897, amended by chapter 567, Laws 1899), in that it has permitted or required laborers to work more than eight hours in one calendar day; and plaintiff, for that cause, brings this action to annul the contract, as he is permitted to do by that act. The allegations of the complaint are that the Municipal Gas Company was at all times mentioned ih the complaint "engaged in the manufacture and supply of gas and in the supply of electricity for lighting and heating purposes in the cities of Albany and Watervliet, N. Y.," and the complaint sets forth in extenso the contract made with the state. While the plaintiff has no interest in the contract, and cannot avail himself of any breach of its conditions, it is necessary to look into the contract for the purpose of learning what was the nature of the thing the Municipal Gas Company undertook to do, and for that purpose only is it material. Such an examination is necessary in order to discover whether the provisions of the labor law claimed to have been violated in performance are in fact provisions which properly apply to a contract of this nature. The material parts of the contract are as follows, viz.:

"The said party of the first part [the Municipal Gas Company] covenants and agrees that it will furnish and supply for the use of the state at the new capitol and executive mansion in said city of Albany, and for the purpose of lighting the same, a sufficient quantity of electric current to supply and operate at all times during the day and night ninety-eight hundred and five (9,805) sixteen (16) candle power incandescent lamps and forty-six (46) two thousand (2,000) candle power arc lamps, and sufficient power to run and operate one elevator in the new capitol, and will also furnish and supply a sufficient quantity of gas of a suitable and proper quality for the lighting of the new capitol and executive mansion, and for the use of heating logs in said executive mansion. * * * The party of the first part also covenants and agrees that it will furnish and supply all needed renewals of incandescent lamps, and all carbons, renewals, and repairs of arc lamps."

A further allegation of the complaint is "that the defendant the Municipal Gas Company during every hour of each day has furnished as aforesaid and does furnish for such buildings, in its performance of said contract, electricity and gas, both or either, and which is supplied from its common output; that in the manufacture of such product it employs workmen for the full period of twenty-four hours daily," and it further alleges that such workmen labor 12 hours each day. No violation of the law is claimed on account of insufficiency of the wages paid, or because of failure to pay for overwork. It is the contention of the plaintiff that what the Municipal Gas Company has contracted to do is a public work, and that it must be done by laborers working only 8 hours each day. The Municipal Gas Company claims that it has contracted to do no public work, or work for the state, and its business of manufacturing and distributing gas, and creating or accumulating and distributing electricity for general consumption in the cities of Albany and Watervliet, as alleged in the complaint, is not to be controlled by the provision of the labor law referred to; that the supply of gas and electricity agreed to be fur-

nished at the capitol building and the executive mansion flows, as the complaint alleges, from the "common output" of this defendant; that what it contracted to supply and deliver at the capitol and executive mansion was a commodity, a finished product, usually metered and sold by measure for daily consumption.

For the purposes of this case we may concede that the legislature representing the state has the undoubted right to say that it will not permit any laborer to work for it more than eight hours in any day, or more than one hour, for that matter, and that it has the right, also, to say to the fiscal officers of the state that they shall not contract for the labor of any man beyond a certain number of hours each day, and may restrict contractors and the subcontractors on work for the state in like manner as to hours of labor. We may also concede that the state might go even further, and refuse to purchase any brick or stone or cement or ink or paper or ironware, or, indeed, any commodity whatever, in the production or manufacture of which labor was employed for a longer time than eight hours, or a less number of hours, per day. No one disputes that the exercise of such power is a right which a private individual enjoys. It is not, however, disputed, but conceded, that the state is powerless to limit the daily hours which one man may work for another, and the state has not the power to say that a laborer, after he has wrought the number of hours permitted on public work, may not during the same day work elsewhere for an unlimited time. The question here is not what the legislature might enact, but what has it enacted? It is concededly the statute law that (except persons regularly employed in state institutions) no person shall be employed directly to labor for the state more than eight hours in any one day. This includes all employment on any of the public works of the state, whether such works are being carried on by the state directly, or through contractors or subcontractors. This seems, stated in a general way, to be as far as the legislature has gone in its restriction of hours of labor. It has apparently confined the restriction to that class of employment which is commonly known as "public work." That class of work the state has exclusive control of. It has never yet manifested any intention to exclude itself from the general market in its purchase, or in its contracts for the purchase, of any article whatever. When the state is engaged in public work and needs labor, then it has plainly declared the limitation as to hours of labor. When the state requires the delivery of a manufactured article, whether for construction of public works or for consumption, it purchases or contracts for the delivery wherever it can, for the lowest price. So far it has kept a free hand, and does not inquire how many hours each day any man labored in the production of the article needed.

The so-called "Labor Law," so far as it pertains to this case, reads as follows (section 3), viz.:

"Each contract to which the state  \*  \*  \*  is a party which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer or mechanic in the employ of the contractor, sub-contractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract, shall be permitted or required to work more than eight hours in any one calendar day.  \*  \*  \*  The wages to be

paid * * * upon all such public work or upon any material to be used upon or in connection therewith shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used. Each such contract hereafter made shall contain a stipulation that each such laborer, workman or mechanic employed by such contractor, sub-contractor or other person on, about or upon such public work shall receive such wages herein provided for. Each contract for such public work here-after made shall contain a provision that the same shall be void," etc.

The intent of the legislature seems to be here manifest to treat only of public work and of contracts relating thereto, as hereinbefore stated. The contract made by the Municipal Gas Company to supply and furnish a certain quantity of gas and a certain amount of electricity for daily consumption and for application as power, and to furnish incandescent lamps and carbons, and deliver all at the capitol building and the executive mansion, cannot, it seems to.me, be construed as in any sense a contract for, or one involving, labor "on, about or upon a public work." It is more sensible to construe this as a contract of purchase. Common knowledge warrants the statement that both gas and electricity may be and are stored, and are sold by measure for heating, for illumination, and for power. It is a marketable commodity, within a reasonable radius of the place where manufactured or stored. Incandescent lamps and carbons are articles of common merchandise. Attention is called to that portion of the contract by which the Municipal Gas Company are to "furnish and supply all needed * * * renewals and repairs of arc lamps," and it is suggested that an agreement to supply "repairs" should be interpreted as an agreement to do labor. This may be so, but that is not certain. Repairs might be done by replacement of defective parts, and in such a thing as an arc lamp it is quite likely that is the usual method of repair. At any rate, it is, I think, too small a leaven to taint so large a contract. Besides, if labor on repairs is complained of, it should be so stated in the complaint. It would not only be necessary to prove that men worked on repairs to arc lamps more than eight hours in any one day, but it would be necessary to so allege. This the complaint has failed to do. The allegation is, in substance, that laborers worked in making gas, electricity, furnishing lamps and carbons and repairs, all together, more than eight hours each day.

The interlocutory judgment should be affirmed, with costs, with the usual leave to amend on payment of costs. All concur; PARKER, P. J., in result.