■ ROBERT R. BARON, Appellant, v. WALCO CORP. et al., Respondents.— Order entered December 24, 1968, denying temporary injunction unanimously reversed on the law and the facts and temporary injunction granted, with $30 costs and disbursements to appellant, on order to be settled conditioned on plaintiff's filing a security company bond in the sum of $10,000. Plaintiff licensed Southway Corporation to market its patented product. Defendant Warner is the sole beneficial stockholder of Southway. In the license agreement Southway and Warner agreed not to permit others to use the product or to disclose any information in regard to it. The agreement was allowed to lapse and Southway without objection forfeited a sum deposited in escrow. Immediately thereafter Warner organized defendant Walco, which proceeded to market a product very similar to plaintiff's. Warner's explanation of these events is replete with inconsistencies, contradictions and statements difficult to believe. Undoubtedly plaintiff will suffer irreparable injury if Walco is permitted to market its product and it should appear that defendants have wrongfully appropriated it. Under these circumstances, a temporary injunction should issue (CPLR 6301; cf. *Spiselman* v. *Rabinowitz*, 270 App. Div. 548). Settle order on notice. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Steuer, JJ.

## (April 24, 1969)

■ LEROY GREENE, Appellant, v. AMERICA GREENE, Respondent.— Order of the Family Court entered December 20, 1967 unanimously modified on the law and the facts by vacating that portion which restricts respondent's visitation rights, without costs or disbursements. The parties were married in 1960. There are two issue of the marriage, seven and eight years of age. The parties were divorced by decree entered in New York Supreme Court June 13, 1967. That decree makes provision for custody of the minor children and for the father's (appellant herein) visitation rights. The Family Court has jurisdiction to determine custody of minors only when such jurisdiction is referred to it by the Supreme Court (N. Y. Const., art. VI, § 13, subd. a, par. [2]; subd. c; Family Ct. Act., § 115, subd. [b].) Concededly the Supreme Court did not refer the issue of visitation rights to the Family Court. It is therefore clear that it did not have jurisdiction to change the father's visitation rights. The proper and only forum to petition for such a change, if warranted, is the Supreme Court. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Steuer, JJ.