in the Surrogate's Court proceedings for all the services rendered in this action and received therein an allowance therefor. Certainly, in view of this showing, the attorneys were bound to come forward and establish that they had in fact rendered particular services herein for which they have not received compensation. The general claim of such services and the alleged benefit to the corporation will not support an award to them. Significantly, they have failed to point out and itemize the particular services rendered specially in prosecution of the derivative cause as distinguished from the services which were rendered generally in the prosecution of the action and for which they have been paid. Consequently, I concur in the result, and including also in the modification of the allowance to the Referee.

McNALLY, J. (concurring). I concur on the grounds set forth in the memorandum of the court and with respect to the denial of compensation to counsel on the additional ground that the principal action was discontinued without costs. An award of counsel fees in a stockholders' derivative action is in the nature of costs and where, as in this case, the principal action has been settled and discontinued without costs, an application for counsel fees appears precluded. (*Margarten* v. *Horowitz*, 112 N. Y. S. 2d 24.) Former section 61-a of the General Corporation Law provided for the assessment upon the corporation of attorneys' fees of any party plaintiff. However, since former section 61-a was a codification of the common law, the principles applicable to such allowances survive its repeal. (See annotation to section 64, McKinney's Cons. Laws of N. Y. Book 22, General Corporation Law, cumulative annual pocket part 1969-1970, p. 202.) Moreover, the limited consent of the plaintiff does not affect the rights of the defendant corporation under the stipulation of discontinuance. She cannot bind Bates Manufacturing Company, the only defendant cast in judgment, and as far as Bates Manufacturing Company is concerned, the case was ended with the stipulation of discontinuance with regard to counsel fees. While this stipulation stands there can be no application for counsel fees. This aspect of the case is precluded.

■  HARRY F. DAMMERS, Respondent, v. SOLOMON HOBERMAN, as Chairman of the City Civil Service Commission and Director of Personnel of the City of New York, et al., Appellants.—

Concur — Eager, J. P., Capozzoli, Steuer and Tilzer, JJ.

HARRY F. DAMMERS, Plaintiff-Respondent, v. SOLOMON HOBERMAN, as Chairman of the City Civil Service Commission and Director of Personnel of the City of New York, et al., Respondents, and MATTEO P. POLLICHINO et al., Intervenors-Defendants-Appellants.—

No opinion. Concur — Eager, J. P., Capozzoli, Steuer and Tilzer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CRYSTLE COLBERT, Appellant.—

Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ.

In the Matter of JOHN LOMBARDOZZI, by ARTHUR ADDESS, an Attorney, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK, et al., Respondents.—

No opinion. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Tilzer, JJ.

In the Matter of MELVIN DANIEL, Petitioner, v. JOSEPH A. MARTINIS, as Supreme Court Justice, New York County, Respondent.—

No opinion. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Tilzer, JJ.

SOUTH AFRICAN AIRWAYS, Petitioner, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—