Chables A. Loeeto, J.
By order to show cause, a young mother seeks custody of her four-year-old son.
The child was in her custody from birth to July 26,1971, when the Family Court in Franklin County, New York, under a neglect petition of the paternal grandparents, placed the child temporarily with them. Since December 17, 1971, the mother again has the child, under circumstances which will soon be mentioned. The mother’s residence is in Bronx County. This is recognized in a Family Court order of October 7, 1971.
At the outset, the attorney for the paternal grandparents has moved to dismiss this custody petitioú, contending this court has no jurisdiction, that the stipulation in the Family Court of Franklin County became its order,- that thereby custody was granted to the father’s parents, and that any relitigation of custody must be in the Family Court of Franklin County.
This court is in accord with the view that it is not wise to sit in review of the decision or judgment of another Judge of the same court or of a court of co-ordinate jurisdiction (Kamp v. Kamp, 59 N. Y. 212; Matter of Hines, 88 F. 2d 423).
Because the child was taken from Franklin County where the paternal grandparents reside and with whom temporarily the boy had been placed by the Family Court of that county, a warrant for her arrest and also for her mother’s arrest was issued for custodial interference on January 7, 1972 by the Village Police Justice.
Her marriage on July 10,1966 was indeed not a felicitous one. The young man she married — son of prominent and good parents of their community — has given them much concern. His record is not one which would be conducive to a suitable and happy conjugal life.
During their five years of marriage, she states he has lived at home with her and the child but a few months because of his repeated arrests and incarcerations. The neglect proceeding *820 initiated by Ms parents charging her with neglect of the child was the beginning of a series of orders that seemingly place her in the inextricable toils of the law.
The following is the sequence of court dispositions. On July 8, 1971, the Family Court (herein all references are to Family Court of Franklin County) issued a protective order granting temporary custody to the mother and not to the paternal grandparents, who, respectively, are 81 and 74 years of age.
On July 26, 1971, the Family Court vacated its prior order of July 8, 1971 and issued its new order granting temporary custody to the same grandparents. It also was a protective order against the child’s father. A separate protective order was issued against the child’s mother.
On October 7, 1971, a Family Court order approved the stipulation, dictated by the attorneys for the parties, placing custody in the paternal grandparents subject to the supervision of the Probation Department. It also provides that the child’s parents ‘ ‘ shall have visitation rights to be set by the Probation Department,” recognizing that “in fixing the rights of visitation for Michelle Brown (the mother) to keep in mind that her residence in the Bronx will justify longer periods of visitation on the occasion of each visit than would otherwise be allowed in access of less frequent visits. ”
On October 28, 1971, a default divorce decree entered against her, in the Supreme Court in Franklin County, refers “ all motions pertaining to the custody of the child, the visitation rights of the defendant and support for the child to the Family Court of the appropriate county ’ ’.
On the occasion of the young lady’s visitation of her child on December 17, 1971, accompanied by her mother, feeling she could no longer suffer the arbitrary and capricious restrictions in visiting her child, which were imposed by the probation officer to whom authority in fixing visitation rights was delegated, she decided to take the child with her to her home.
She urges that the stipulation of October 7, 1971 was entered into when she was emotionally distraught and felt coerced because she was told the alternative was the child would be placed in an institution.
Does the temporary disposition of custody by the Family Court at that time under the circumstances attending it, preclude this court of plenary jurisdiction from entertaining a special proceeding to consider permanent custody upon all new factors occurring since then? This appears to be the objection raised to it. The contention is that it would be a relitigation. The natural *821 mother’s right to establish a home and bring up her child is fundamental. Only if1 she is not a fit person to do- so, may a nonparent be considered to undertake the task (Matter of Spence-Chapin Adoption Serv. v. Polk, 29 N Y 2d 196, 203).
The propriety of entertaining this proceeding by this court will now be considered. It is incontestable that the Supreme Court has inherent jurisdiction over custody proceedings. This is confirmed by the New York Constitution. On the other hand, the jurisdiction of the Family Court is statutory and limited.
What the Family Court did was to make :a provisional or temporary disposition of temporary neglect under article 10 of the Family Court Act.
That cannot stand in the way of this subsequent, superseding, special proceeding in this court of plenary jurisdiction wherein permanent custody of the child is .sought upon a showing of changed and present conditions establishing the mother is a fit person to have custody.
This is not a motion subject to rules of this court governing motions. It is not one to relitigate.
Had the Family Court proceeding been pursuant to article 6, which governs “ permanent ” neglect, resulting in “ permanent termination ” of the mother’s custody, that would pose a different problem.
This court doubts anyone would seriously contend that the stipulation of October 7, 1971, “so ordered” by the Family Court, was intended to be a permanent surrender by the mother of her child, as would be the consequence of an ¡adoption proceeding with all its safeguards.
It is contended that the Family Court of Franklin County in any event has proper, if not exclusive, jurisdiction of custody because of the referral of custody by the defaulted divorce decree of the Supreme Court of Franklin County, dated October 28, 1971. After that date, the Family Court did not initiate or undertake any proceeding pertaining to custody. The Supreme Court of Franklin County then chose not to retain the issue of custody. The referral, incorporated in its decree, does not constitute an irrevocable surrender by the Supreme Court sitting anywhere in the State of its paramount and inherent jurisdiction over permanent custody. Of course, if the Family Court had already embarked upon a hearing for permanent custody after the Supreme Court’s referral, then there would enter considerations of policy and discretion whether to reassume its primary jurisdiction in the matter.
*822 Consideration will now be given to the outstanding warrants of arrest, which are based upon an alleged violation of the Family Court order of October 7, 1971. That order, in approving the attorney’s stipulation, delegated the determination and fixing of visitation rights of the mother to the probation officer of the court. He was the one to consider, evaluate all relevant factors, decide, pass judgment on the extent, nature, place and all the details pertaining to visitation of her child.
This is not a ministerial function; rather it is one involving the excerise of discretion and judgment. Visitation rights of a parent are quasi-custodial rights; therefore, equally important and similarly require judicial determination.
The Family Court, by its order, delegated a judicial task to the probation officer. This it was not empowered to do. The judicial function of a Judge may not be legally assumed by a nonjudicial person. The Family Court order in so providing lacked legality (48 C. J. S. Judges, §§ 42, 45).
The failure or refusal of the mother to heed the direction of the probation officer not to take the child with her to her home, was not of an order issued by the judicial branch of the court. The warrants of the Police Court outstanding for the arrest of the child’s mother and (the latter’s mother), not based upon willful violation of a valid court order, will be quashed.
There is no lack of jurisdiction or proper venue in the Supreme Court sitting in Bronx County, where the child and mother are present. The mother’s removal of her child to her residence on December 17,1971, is not to be equated to the case of an abduction across State lines by a nonparent of a child whose custody, awarded to the mother by the Supreme Court, was confirmed by the Court of Appeals (People ex rel. Scarpetta v. Spence-Chapin Adoption Serv., 28 N Y 2d 185).
The father of the child, it should be observed, has not been made a party to this proceeding, nor has he sought to enter it. As it now stands the contest is not between parents for custody, but between the child’s mother and his very elderly paternal grandparents.
The preliminary motion of the respondents to dismiss the proceeding is denied, and the outstanding warrants are quashed. The court will proceed with an oral hearing. The attorneys should communicate with this court’s chambers to arrange for a date of hearing. Meanwhile, proper notice thereof, with a copy of the moving papers, should be served upon the child’s father.