■ In the Matter of MICHELLE BROWN, Respondent, v. ELMER J. BROWN et al., Appellants.— Order, Supreme Court, Bronx County, entered on March

17, 1972, affirmed, without costs and without disbursements, on the opinion of Loreto, J.; order of said court entered on April 25, 1972 affirmed, without costs and without disbursements. Concur — Kupferman, Murphy and Capozzoli, JJ.; Stevens, P. J., and Markewich, J., dissent, in part, in the following memorandum by Markewich, J.: I join in affirming Trial Term's action in quashing the arrest warrant, willful disobedience to a court's mandate not having been established. I dissent otherwise. The majority, by affirming the assumption by Supreme Court, Bronx County, of jurisdiction over a custody case still under consideration in Franklin County, gives a gloss of propriety to the exercise of self-help by petitioner-respondent mother in having on her own brought the child to Bronx. Supreme Court, Franklin County, in awarding a divorce to petitioner-respondent's husband, had remanded the matter " to the Family Court of the appropriate county for all matters pertaining to the custody of the child ". No final disposition has been made to date under that order. In this posture, it is at the least an inappropriate exercise of discretion for Supreme Court, Bronx County, to assume jurisdiction and determine custody merely because of the child's presence in Bronx County. I would return the matter to Family Court, Franklin County, whence it is being snatched, so as not to disturb control by Supreme Court, Franklin County, over its own case. If there is to be application for relief in derogation of that court's last order, it should be made there. We should not interfere with a disposition made by a court of concurrent jurisdiction.