In the Matter of JUAN R. (ANONYMOUS), Respondent, v NECTA V. (ANONYMOUS), Appellant.

Second Department, December 13, 1976

*Michael M. Diner* for appellant.

*Morton B. Dicker, Susan B. Lindenauer* and *Annette S. Elstein (Patricia Smith* on the brief), for respondent.

TITONE, J. In a proceeding commenced by a putative father pursuant to subdivision (b) of section 651 of the Family Court Act to secure rights of visitation with his illegitimate off-spring, the natural mother appeals, by permission, from an order of the Family Court, Kings County, dated October 21, 1975, which, in effect, denied a motion to dismiss the proceeding for lack of jurisdiction. We affirm.

According to the petition underlying the instant proceeding, petitioner claims to be the natural father of the infants, who were born on July 24, 1969 and April 23, 1971, respectively, and to be listed as such on their certificates of birth. It is undisputed that the appellant is the infants' mother and that she has custody of the children. For purposes of the present proceeding, she has also denied petitioner's claim of paternity.

Petitioner commenced this proceeding to obtain visitation rights by order to show cause dated June 16, 1975, alleging, in pertinent part, the facts as outlined above, and the appellant's repeated refusal to permit him to visit with his children. The appellant has yet to answer, choosing instead to challenge the jurisdiction of the court to entertain this proceeding pursuant to subdivision (b) of section 651 of the Family Court Act. That section provides, *inter alia,* as follows: "(b) When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for the determination *of the custody of minors"* (emphasis supplied). In the order appealed from,

the Family Court sustained jurisdiction and ordered that the matter proceed. To this end, Judge GARTENSTEIN directed that the trial "shall commence with the factual issue of paternity; and, if established, shall progress from there to the children's best interests as affected by visitation." We granted leave to appeal by order dated December 16, 1975.

On appeal, it is the appellant's contention that the term "custody", as employed in subdivision (b) of section 651 does not include "visitation", so as to authorize the commencement of a proceeding therefor and that, in view of the limited nature of the jurisdiction of the Family Court (see *Matter of Borkowski v Borkowski,* 38 AD2d 752), that court is without jurisdiction to entertain this petition (cf. Family Ct Act, § 511, as amd by L 1971, ch 952). We disagree.

I do not subscribe to the proposition that the term "custody" as employed in subdivision (b) of section 651 of the Family Court Act excludes "visitation", so as to necessitate dismissal of the instant proceeding. In the history of domestic relations law, "visitation" has oft been described as a form of "quasi" or "limited" custody (see, e.g., *People ex rel. "Francois" v "Ivanova",* 14 AD2d 317 [especially dissenting opn per Mr. Justice BREITEL]; *Matter of Brown v Brown,* 71 Misc 2d 818, affd 39 AD2d 897, app dsmd 31 NY2d 956; *Matter of Anonymous v Anonymous,* 56 Misc 2d 711; but, see, *Greene v Greene,* 32 AD2d 523), and it is now well established that the standard of adjudication in either instance is precisely the same, i.e., the "best interests" of the child (see *Anonymous v Anonymous,* 34 AD2d 942; *People ex rel. Meredith v Meredith,* 272 App Div 79, affd 297 NY 692). Under these circumstances, it appears only proper that we construe the "greater" term (custody) as encompassing the "lesser" term (visitation) (see McKinney's Cons Laws of NY, Book 1, Statues, § 237). Moreover, this court has implicitly so held in at least one case of recent vintage *(Matter of Boscia v Sellazzo,* 42 AD2d 781), where we reversed a judgment of the Family Court, Westchester County, and remitted the matter for a hearing on the question of visitation. The Family Court there had dismissed the proceeding (which had been transferred to it by order of the Supreme Court) on the ground, *inter alia,* that neither the Supreme Court nor the Family Court had " 'any legal authority to require visitation between a grandparent and a grandchild where it is objected to by the parent who has legal custody.' " We reversed, stating, in part, that "[t]he Family Court [had]

obtained the necessary jurisdiction to determine whether petitioner should be granted visitation rights when the Supreme Court transferred the proceeding to [it]," citing subdivision (b) of section 115 of the Family Court Act. That subdivision provides as follows: "(b) The family court has such other jurisdiction as is set forth in this act, including jurisdiction over habeas corpus proceedings and over applications for support and custody in matrimonial actions when referred to the family court by the supreme court, conciliation proceedings, and proceedings concerning physically handicapped and mentally defective or retarded children." Significantly, the power to adjudicate visitation is nowhere indicated.

Somewhat similarly, the Constitution of the State of New York is silent on the matter of visitation, providing only that the Family Court shall have the following jurisdiction: "b. The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: (1) the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect, delinquency or dependency, as the legislature may determine; (2) *the custody of minors* except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage; (3) the adoption of persons; (4) the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage; (5) the establishment of paternity; (6) proceedings for conciliation of spouses; and (7) as may be provided by law: the guardianship of the person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household. Nothing in this section shall be construed to abridge the authority or jurisdiction of courts to appoint guardians in cases originating in those courts.

"c. The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court: *habeas corpus proceedings for the determination of the custody of minors;* and in actions and proceedings for marital separation, divorce, annulment of marriage

and dissolution of marriage, *applications to fix temporary or permanent support and custody,* or *applications to enforce judgments and orders of support and of custody,* or *applications to modify judgments and orders of support and of custody* which may be granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required" (art VI, § 13; emphasis supplied). I can only conclude from the foregoing that implicit in the constitutional right to determine "custody" must be the right to determine "visitation", for to hold otherwise would be to subject those sections of the Family Court Act specifically conferring such jurisdiction upon the court to the danger of being stricken as unconstitutional (see, e.g., §§ 446, 447, 511, 549 and 842). No compelling reason for doing so appears.

Accordingly, and in light of the foregoing considerations, I believe that the proper construction of subdivision (b) of section 651 authorizes the commencement of visitation proceedings in the Family Court in the first instance (see *Matter of Sturm v Sturm,* 71 Misc 2d 577; cf. *Matter of Donne v Pace,* 74 Misc 2d 127). This result is also in keeping with the recent trend toward referring matters involving the custody of minors (and, perforce, matters of visitation) to the Family Court for disposition, in order to take better advantage of its expertise in the area and of the expanded ancillary services, including probationary and psychiatric services, which are available to it.

HOPKINS, Acting P. J., COHALAN, DAMIANI and SHAPIRO, JJ., concur.

Order of the Family Court, Kings County, dated October 21, 1975, affirmed, without costs or disbursements.