## (February 1, 1983)

■ In the Matter of PUBLIC FUEL SERVICE, INC., et al., Respondents, v CITY OF NEW YORK, Appellant, and GASSMAN COAL & COKE CO., INC., Intervenor-Respondent. — Order entered August 17, 1981 in Supreme Court, New York County (Nadel, J., on decision of Shorter, J.), granting, upon petitioners' application, a preliminary injunction and denying respondent City of New York's motion for summary judgment, reversed, on the law, the application is denied, and the motion for summary judgment is granted and the petition is dismissed, without costs. Petitioners were the successful low bidders on only two of the five borough contracts for the supply of coal and coke to the city institutions requiring this fuel. By this CPLR article 78 petition petitioners sought to circumvent the award of the other three contracts to intervenor-respondent Gassman Coal & Coke Co., asserting the city's failure to include wage schedules in the bid and contract specifications as a material defect. The Labor Law requires such schedules to be made part of the specifications for "public work" and "building service work" contracts. (Labor Law, § 220, subd 3; § 231, subd 3, respectively.) Although we have serious doubts as to whether the contracts in issue come within the purview of these two categories (cf. *Downey v Bender,* 57 App Div 310; Labor Law, § 230, subd 2), we are persuaded that (even were the schedules a necessary part of the specifications) the absence therein should not render the contracts completely void. (*Central N. Y. Tel. & Tel. Co. v Averill,* 199 NY 128, 140-141; cf. Labor Law, § 235, subd 3, which provides as remedy for such omission the reparative determination by "the fiscal officer" of what wage rates should have obtained.) Further, no mention is made of what the actual rates paid are, and it is noteworthy that petitioners do not comment upon Gassman's contention that both it and petitioners are parties to the same labor contract with the union, so that labor wage rates would have been "prevailing" and the same regardless of who was awarded the contract. Lastly, although petitioners requested relief in the nature of a preliminary injunction in their order to show cause, an essential requirement of that remedy is not stated. Nowhere do they show what "irreparable harm" could possibly occur to them by the award of the three contracts to Gassman. (CPLR 6301, 6312; *Dammers v Hoberman,* 35 AD2d 515; *Baron v Walco Corp.,* 32 AD2d 523; *Tappan Motors v Waterbury,* 65 Misc 2d 514.) With such a basic element missing, the injunction should never have issued. For all the above reasons it is our conclusion that the petitioners, in showing no damages or entitlement to the relief requested, have failed to state a cause of action. Accordingly, the injunction is vacated, the city's motion for summary judgment is granted and the petition is dismissed. Concur — Murphy, P. J., Carro, Asch, Silverman and Milonas, JJ.