OPINION OF THE COURT
Jack Turret, J.
In this proceeding brought by petitioner father under article 6 of the Family Court Act, seeking custody/visitation, the parties have executed a “Stipulation and Order” which they have submitted to the court to “so order” pursuant to CPLR 2104 as a resolution of the matter. Clause 1 provides in part:
“[t]his Court shall retain continuing and exclusive jurisdiction in the instant matter for the purpose of enforcing and construing the provisions of this Stipulation and resolving disputes between the parties arising out of this Stipulation * * *
“This Stipulation shall survive the execution and/or entry of any other stipulation, agreement, order, judgment or decree between or concerning the parties or their divorce or separation.” *726 Clause 12 . provides: “The parties agree to adhere to the term of this Stipulation. The terms hereof may be modified by agreement of the parties. Petitioner’s rights hereunder shall be contingent upon his compliance with all of the terms of any other agreement, stipulation, order, judgment or decree executed by the parties or entered in any Court in connection with the parties’ divorce or separation.”
The Supreme Court has constitutionally guaranteed concurrent jurisdiction over any matter within the jurisdiction of the Family Court. In the words of the Court of Appeals, “[it has] original, unlimited and unqualified jurisdiction.” (Kagen v Kagen, 21 NY2d 532, 537.) Moreover, Supreme Court has inherent jurisdiction over custody proceedings while the jurisdiction of the Family Court is statutory and limited. (Brown v Brown, 71 Misc 2d 818, 821, affd 39 AD2d 897, app dsmd 31 NY2d 956.) The Supreme Court has been granted power to vest/divest the Family Court of jurisdiction in matters of custody/visitation in certain instances. (Family Ct Act, §§ 651, 652.) The question before this court in this instance is: may the Family Court herein divest the Supreme Court of jurisdiction (as would be the effect of “so ordering” said stipulation)?
First, though parties have a right to decide what forum shall decide their cause, no statutory or constitutional provision expressly grants Family Court power to divest the Supreme Court of jurisdiction in the manner sought by the parties herein. (Cf. Family Ct Act, § 652.) Secondly, a stipulation is a contract between parties. (Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435; Bond v Bond, 260 App Div 781, mot for rearg den 261 App Div 835.) Where as here that “contract” contains provisions beyond determining the issues of custody/visitation, Family Court lacks the requisite equitable jurisdiction to reform or modify them. (See Matter of Brescia v Fitts, 56 NY2d 132, 139, citing Kleila v Kleila, 50 NY2d 277.) Parties to an agreement cannot confer jurisdiction upon a court that does not have jurisdiction of the subject matter. (Matter of Newham v Chile Exploration Co., 232 NY 37; Goldman v Goldman, 282 NY 296.) This court finds the afore-mentioned stipulation as written beyond its powers to “so order”.
*727 Assuming, arguendo, this court “so ordered” said stipulation. Should one of the parties, contrary to its terms, bring a future action in Supreme Court, this court is of the opinion such action would not necessarily be precluded by the existence of this stipulation. Precedent exists that stipulations entered into, regarding the custody/visitation of children, are not binding on a court of competent jurisdiction. An unusual change of circumstances may warrant modification in the best interest of the child/children. (Cf. Matter of Heller v Bartman, 65 AD2d 876.)
Since the court is without authority to “so order” clauses 1 and 12, it declines to strike them and “so order” the remaining provisions of the stipulation. With the stipulation, being contractual in nature, the court cannot determine from its express language what weight either or both parties placed on acceptance of these clauses in the “striking of the bargain”.
If the parties cannot amend the submitted order accordingly, the proceeding upon application may be recalendared for further consideration.