OPINION OF THE COURT
Carolyn E. Demarest, J.
*484 On November 22, 1995, Jeffery B. was indicted on charges of sodomy in the first degree and sexual abuse in the first degree committed on October 26, 1995. On October 26, 1995, Jeffery B. was 14 years old, having been born on June 23, 1981. He was thus subject to prosecution in Supreme Court by virtue of CPL 1.20 (42) which defines a “juvenile offender” as “a person fourteen or fifteen years old who is criminally responsible for acts constituting the crimes defined in * * * subdivisions one and two of section 130.50 (sodomy in the first degree)”. On July 24, 1996, defendant Jeffery B. and a codefendant, Jamara Webster, who was over the age of 16 at the time of the crime, pleaded guilty before this court to the crime of sexual abuse in the first degree under Penal Law § 130.65 on a promise, recommended by the District Attorney, that this defendant be “sentenced” to a conditional discharge and be adjudicated a youthful offender. The crime of sexual abuse in the first degree is not a felony designated within the Criminal Procedure Law or Family Court Act § 301.2 (8) as an exception to the defense of infancy, subjecting a person under the age of 16 to criminal prosecution. Legally, therefore, Jeffery B. could not be criminally adjudicated a “juvenile offender” and could not be sentenced, pursuant to CPL article 720, as a youthful offender upon his plea to sexual abuse in the first degree. (See, CPL 720.10 [definition of youthful offender].) Nonetheless, on September 11, 1996, defendant Jeffery B. appeared for sentencing before this court and, based upon a probation report, and at the urging of the District Attorney, was adjudicated a youthful offender and sentenced, pursuant to the promise at the allocution, to a conditional discharge. An order of protection was issued for complainant. The sentencing document indicates that the conditional discharge, which began on the 11th of September 1996, would expire on September 10, 1999, a period of three years, consistent with Penal Law §§ 60.02 and 65.05 (3), applicable to a youthful offender guilty of this crime.
On August 26, 1997, Assistant District Attorney Keating spontaneously appeared before the court with Jonathan Kamins, Esq., the attorney for defendant Jeffery B., and sought to have this matter recalendared. Defendant had no prior notice of this oral application and the court directed Mr. Kamins to communicate with his client. Ultimately Jeffery B. appeared in court on September 30, 1997, without his attorney and the matter was adjourned to October 17, 1997. After several appearances in which the District Attorney orally sought to vacate the sentence and the plea on consent of the defendant in order to secure a plea by defendant to the designated felony *485 offense of sodomy in the first degree and a removal of the entire matter to the Family Court for the purpose of disposition pursuant to CPL 725.05, this court directed that such application be made in writing with a full articulation of the reasons therefor. The defendant, who was not consenting, would then respond in writing. By affirmation of Assistant District Attorney Peter Stein dated December 17, 1997, the application was presented asserting that because the plea was to a non-designated offense, the "conviction” is deemed to be a juvenile delinquency finding, subject to removal to Family Court pursuant to CPL 220.10 (5) (g) for disposition following hearing. The District Attorney further asserted that the Supreme Court does not have jurisdiction to fashion an appropriate disposition for this defendant. Jeffery B. was assigned new counsel for this application as Mr. Kamins became unavailable. Defendant has unequivocally resisted the vacatur of the sentence and the removal to Family Court arguing that the law does not permit vacatur of a sentence once the sentence has commenced.
This court finds the District Attorney’s argument that this court lacks jurisdiction to dispose of this matter is incorrect. It is well settled that this court does have such jurisdiction. However, an error was made which is prejudicial to the defendant and inconsistent with law. This court, acting within its jurisdiction to hear all matters in law or equity, will therefore seek to remedy that error.
The Constitution of the State of New York confers upon the Supreme Court general original jurisdiction in law and equity, unlimited and unqualified, and “ ‘is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed’ ”. (See, Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997], quoting Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]; NY Const, art VI, § 7.) Family Court Act § 115 (a) (vi) confers upon the Family Court “exclusive original jurisdiction over * * * proceedings concerning juvenile delinquency as set forth in article three.” Family Court Act § 114, however, defines “exclusive original jurisdiction” with the caveat: “provisions of this act shall in no way limit or impair the jurisdiction of the supreme court”. (See also, Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 114, at 15.) In Matter of Steven R. J. v Nancy J. (117 Misc 2d 725, 726 [Fam Ct, NY County 1983]), it was noted that “[t]he Supreme Court has constitutionally guaranteed concurrent jurisdiction over any matter within the jurisdiction of the Family Court.”
*486 The People argue that CPL 220.10 (5) (g) and 310.85 mandate the removal of this matter to Family Court. CPL 220.10 (5) (g) specifies the limitations upon pleas by a juvenile offender and provides that the District Attorney “may recommend” (CPL 220.10 [5] [g] [iii] [emphasis added]) removal to Family Court upon submission of a subscribed memorandum giving the reasons therefor. Such removal is authorized even where the indictment charges a designated felony attributing criminal responsibility to a person under 16. No such instrument has ever been filed in this case. This court rejects the People’s demand that this court “treat the case as though the subscribed memorandum has been submitted and remove the case to Family Court” notwithstanding the failure to follow the proper procedure.
CPL 310.85 (3) governs procedure following a trial verdict in which the defendant is convicted only of a crime for which he is not criminally responsible. The language of the statute appears to mandate removal to Family Court following vacatur of the verdict and substitution of a juvenile delinquency finding. While the circumstances anticipated are analogous to the situation at bar, this court disagrees with the People’s interpretation of this statute as requiring removal in light of the well-recognized fact that the Constitution confers upon the Supreme Court unlimited original jurisdiction over this matter concurrent with the Family Court. (Kagen v Kagen, 21 NY2d 532 [1968]; Schneider v Schneider, 127 AD2d 491, 495 [1st Dept 1987]; People v Williams, 163 Misc 2d 792, 797 [Sup Ct, Kings County 1994]; Matter of Steven R. J. v Nancy J., 117 Misc 2d 725, supra; see also, NY Const, art VI, § 19 [a] [authorizing the Supreme Court to transfer to itself any matter pending in any other court, other than the Court of Claims, where such transfer will “promote the administration of justice”]; cf., Matter of Vega v Bell, 47 NY2d 543, 552, n 2 [1979].)
The People mistakenly rely on People v Statton (156 Misc 2d 778 [Nassau County Ct 1992]) in support of their argument for the mandatory removal of a plea by a juvenile delinquent to Family Court for further proceedings. In People v Statton, the court held that a plea taken in County Court must be removed to Family Court for final disposition in accordance with CPL article 725 notwithstanding a negotiated sentence. However, that holding is distinguishable because the County Court, unlike Supreme Court, is a court of limited jurisdiction and is not authorized to hear juvenile delinquency cases. (NY Const, art VI, § 11.) In interesting contrast to the County Court decision *487 in Station deeming the District Attorney’s removal memorandum under CPL 220.10 filed where it had not actually been filed, the Family Court has found itself without jurisdiction where the specified procedure has not been followed. (See, Matter of Nick C., 172 Misc 2d 739 [Fam Ct, Bronx County 1997].)
Moreover, defendant’s argument, that the court is without authority to grant the People’s application to vacate a plea and sentence and restore the original charges absent fraud or misrepresentation once the sentence has commenced, is correct. (People v Moquin, 77 NY2d 449 [1991]; Matter of Kisloff v Covington, 73 NY2d 445, 450 [1989]; Matter of Campbell v Pesce, 60 NY2d 165 [1983]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 220.10, at 13.) There is absolutely no merit to the People’s application herein in the face of defendant’s opposition, notwithstanding that CPL 440.10 (1) would permit such modification upon defendant’s motion. (See, Matter of Campbell v Pesce, supra, at 168.)
Defendant Jeffery B. negotiated for a conditional discharge and youthful offender adjudication in exchange for his plea. Because this case was referred to this court by a Judicial Hearing Officer presiding in the TAP Part for plea only, I do not know whether the alternative of removal to Family Court was ever discussed prior to entry of the plea. However, all of the information before the court supports the agreed disposition. Granting the People’s application, even if authorized by law, would thwart the plea bargaining process. Implementation of the People’s interpretation of the law would effectively eliminate all dispositions by plea upon an agreed condition of sentence in juvenile cases before the Supreme Court.
It is well recognized that plea bargaining is an indispensable component of the criminal justice system in expediting the prompt, fair and reasonable disposition of an overwhelming case load. Though often maligned, the process most often results in a just resolution that serves the interests of both the accused and the accuser. In the case at bar, Jeffery B. was accused of a very serious crime for which, though only 14 years old, he could have been incarcerated. He has no prior record and disputed the charges, claiming the acts were consensual. His plea enabled the victim to avoid an unpleasant trial while knowing that he would not go unpunished. Treatment as a youthful offender and conditional discharge were, in any case, available to him even under a conviction for the designated *488 felony of sodomy in the first degree.[1] Were this court to remove the case to Family Court for “disposition” following the plea to a nondesignated felony, it would no longer have control over the sentence and could not provide the “benefit” for which defendant Jeffery B. bargained in entering his plea. The court would therefore be required to vacate the plea and remove the entire matter without acting or try the case as a designated felony.[2] Either alternative is counterproductive in the circumstances and would result in needless delay and waste of court and prosecutorial resources, both of which are funded by the public.
Finally, both youthful offender and juvenile delinquency adjudications are characterized as civil, rather than criminal, and require a “finding” that the allegations are established in lieu of a “conviction”, thus relieving the accused of the stigma of a criminal conviction, as intended by the legislative purpose apparent in both procedures. A separate “sentence” evaluation is provided by statute based upon the character and history of the “defendant” or “respondent” and the circumstances of the crime. No fixed period of incarceration is mandated. The court is vested with substantial discretion and flexibility in fashioning an appropriate disposition. (Compare, CPL art 720, with Family Ct Act art 3.) In both situations, conditional discharge is an available sentencing option, the difference being that the maximum period of a conditional discharge for a juvenile delinquent is one year (Family Ct Act § 353.1 [3]), while a youthful offender may be subjected to the three-year period authorized for adult felony offenders (Penal Law § 65.05 [3]). It is upon this point that this court erred in imposing sentence. Accordingly, recognizing that this error is prejudicial to the defendant and that, given the defendant’s status as a juvenile delinquent not criminally responsible for the crime to which he pleaded guilty by reason of infancy, the three-year conditional discharge is not a legal sentence, exercising the court’s inherent power to correct an inadvertent error in pronouncing sentence (see, People v Calderon, 79 NY2d 61, 65-67 [1992]) and its “inherent *489 plenary power * * * to fashion any remedy necessary for the proper administration of justice” (People ex rel. Doe v Beaudoin, 102 AD2d 359, 363 [3d Dept 1984]), the sentence is hereby modified to provide for a one-year conditional discharge, which sentence has already been successfully completed. The record is sealed.

. It is noted that defendant Jeffery B. meets all of the mitigating factors set forth in CPL 720.10 (2) and (3) and CPL 220.10 (5) (g) (iii) for removal of a juvenile offender accused of sodomy in the first degree to Family Court for treatment as a juvenile delinquent, or for adjudication as a youthful offender.

. This option was proposed to the District Attorney who rejected it insisting that the defendant should enter a plea to the greater crime in order to get the promised sentence in Supreme Court or take his chances in Family Court. This is not, of course, what this court promised defendant in accepting his plea.