In the Matter of NORBERT ERLEC, Appellant, v MARGARET JOHNSON, Respondent. [835 NYS2d 375]—

In a child custody proceeding pursuant to Family Court Act article 6, the putative father appeals from an order of the Family Court, Queens County (McGrady, R.), dated April 7, 2006, which dismissed his custody petition, in effect, based upon lack of standing.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

On September 23, 2005 the respondent mother had a child out of wedlock. On October 14, 2005 she and the child relocated to Cook County, Illinois. On the same day, the petitioner, claiming to be the child's father, filed a custody petition and obtained

an ex parte order precluding the removal of the child from the state of New York. It is undisputed that the mother was not served with the ex parte order before her relocation. Competing custody petitions were subsequently filed by the petitioner and the respondent in New York and Illinois, respectively.

The petitioner also commenced a paternity proceeding in New York, which ultimately was dismissed by the Family Court for failure to effect proper service on the mother. Upon learning of the dismissal of the paternity proceeding, the Family Court immediately dismissed the instant custody proceeding, in effect, based upon lack of standing because the petitioner "never had [his] paternity declared by the court in New York." We reverse.

The prior dismissal of the paternity proceeding for failure to effect proper service on the mother, contrary to her contention, did not constitute a finding that the petitioner was not, in fact, the child's father. As it appears from the record, the father's claim of paternity in this case apparently included a sworn statement that he executed a formal acknowledgment of paternity on September 26, 2005, at Long Island College Hospital in Brooklyn, three days after the child was born. The existence of such a document, if proven, would establish the petitioner's standing to prosecute the custody proceeding, unless and until paternity was successfully challenged by the mother (see Family Ct Act § 516-a [a]). Equally important, we note that, in an affidavit dated December 2, 2005, as well as in a verified petition filed with the Illinois court in November 2005, the mother acknowledged the petitioner as the child's father. Moreover, the child bears the petitioner's surname, and it appears from the record that at least part of the relief sought by the mother in the Illinois proceeding includes child support from the father. Under these circumstances, the Family Court erred in summarily dismissing the custody petition based on the petitioner's lack of standing. Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Queens County, for further proceedings on the petition.

In light of the narrow ground upon which the Family Court dismissed the custody petition, we express no view on the parties' contentions regarding the subject child's home state and whether New York is an appropriate forum to resolve the custody dispute, as those fact-sensitive issues should properly be addressed, in the first instance, by the Family Court, once the petitioner's standing has properly been established.

Similarly, in light of our determination, we need not reach the petitioner's claim that the Family Court erred in failing to advise him of his right to assigned counsel (see Family Ct Act § 262 [a]

[v]). We note, however, that, upon a proper showing of standing to prosecute his custody petition, the petitioner may apply for assignment of counsel. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.