Matter of Kevin C. v Trisha J. (2025 NY Slip Op 03324)

Matter of Kevin C. v Trisha J.

2025 NY Slip Op 03324

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00836
 (Docket Nos. P-6079-23, V-6077-23)

[*1]In the Matter of Kevin C. (Anonymous), appellant, 
v
Trisha J. (Anonymous), respondent.

Aronson Mayefsky & Sloan, LLP, New York, NY (Caitlin Connolly and Reid A. Aronson of counsel), for appellant.
Elliot Green, Brooklyn, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 5 and 6, the petitioner appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated December 13, 2023. The order, insofar as appealed from, granted that branch of the mother's motion which was to dismiss the custody petition for lack of standing and, in effect, dismissed the custody proceeding.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the mother's motion which was to dismiss the custody petition for lack of standing is denied, the custody petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the custody petition.
In March 2023, the petitioner filed a petition to establish his paternity of the subject child. At or around the same time, the petitioner filed a separate petition seeking joint custody of the child (hereinafter the custody petition). The custody petition alleged, inter alia, that the petitioner and the mother were dating at the time the mother became pregnant with the child and that they broke up prior to the child's birth. The custody petition further alleged that the petitioner was the father of the child.
The mother moved, inter alia, to dismiss the custody petition, on the ground that the petitioner lacked standing to seek custody of the child because he was not the "legal" father of the child, and for a finding that New York is not the home state of the child. The petitioner opposed the motion and cross-moved, among other things, to direct that a genetic marker test be performed. The mother did not oppose this branch of the petitioner's cross-motion.
The Family Court, in effect, granted that branch of the petitioner's cross-motion which was for a genetic marker test. The DNA test results of the court-ordered genetic marker test revealed that the probability of the petitioner's paternity was 99.99%. Thereafter, the court issued an order of filiation, on consent, adjudging the petitioner to be the child's biological father. However, in a separate order, the court, inter alia, granted that branch of the mother's motion which was to dismiss the custody petition, determining that the petitioner lacked standing to file the custody [*2]petition because at the time he filed the custody petition, "his parentage of the child had not yet been legally established." The petitioner appeals.
"Pursuant to Domestic Relations Law § 70, parents have standing to seek custody of or parental access with their children" (Matter of Kerry D. v Deena D., 230 AD3d 492, 493). Here, the custody petition sufficiently alleged that the petitioner was the biological father of the child. The mother's affidavits did not expressly deny the petitioner's paternity, nor offer any facts to refute his allegations of paternity. Moreover, the Family Court entered the order of filiation on consent, and it is undisputed that the petitioner was adjudicated to be the child's biological father before, or at the same time that, the court granted that branch of the mother's motion which was to dismiss the custody petition. Accordingly, the court erred in determining that the petitioner did not have standing to file the custody petition because he had not been adjudicated the biological father of the child before the custody petition was filed (see Matter of Erlec v Johnson, 40 AD3d 633; Matter of Gloria S. v Richard B., 80 AD2d 72, 84-87 [Mangano, J., concurring in part and dissenting in part]; Matter of Juan R v Necta V, 84 Misc 2d 580 [Fam Ct, Kings County], affd 55 AD2d 33).
In light of the narrow ground upon which the Family Court dismissed the custody petition, we express no view on the parties' contentions regarding whether New York is an appropriate forum to resolve the custody dispute, as the issue should be addressed, in the first instance, by the Family Court (see Matter of Erlec v Johnson, 40 AD3d at 634).
The parties's remaining contentions either have been rendered academic in light of our determination, are improperly based on matter dehors the record, or are not properly before this Court.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court