■ In the Matter of the Arbitration between CINEBOX GENERAL ADVERTISING, INC., Appellant, and SOCIETA INTERNAZIONALE FONOVISIONE, S.p.A., Respondent.— Order, entered September 14, 1967, unanimously reversed, on the law, with $50 costs and disbursements to petitioner-appellant, motion of petitioner for confirmation of award and entry of judgment thereon granted, and cross motion of respondent to remand matter to arbitrators denied. The award of the arbitrators, which awards a fixed sum as damages to the petitioner for breach of contract and denies in their entirety all claims of the respondent against petitioner, expressly states that it "is in final determination and full settlement of all claims of the respective parties under said contract submitted to arbitration hereunder." The award, on its face, purports to be a final and definite determination of the subject matter submitted, and its validity is unaffected by the failure to show the basis for the award. Absent a showing of misconduct on the part of the arbitrators, the court is not entitled to inquire as to the reasoning or processes by which the arbitrators arrived at the award. (See *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, affd. 3 N Y 2d 806; *Matter of Willow Fabrics* [*Carolina Frgt. Carriers Corp.*], 20 A D 2d 864, affd. 16 N Y 2d 929; *Matter of Bay Ridge Med. Group* v. *Health Ins. Plan*, 22 A D 2d 807; *Matter of Colletti* [*Mesh*], 23 A D 2d 245, affd. 17 N Y 2d 460.) Concur — Eager, J. P., Steuer, Copozzoli, Tilzer and McGivern, JJ.

■ In the Matter of DOLORES S. BOLATIN, Respondent, v. GEORGE BOLATIN, Appellant.— Order, entered July 27, 1967, unanimously modified, on the law, to the extent of deleting the provision for suspension of visitation rights of respondent-appellant, and, as so modified, affirmed, without costs and without disbursements, and without prejudice to an appropriate application to the Supreme Court. The judgment of the Supreme Court, County of Nassau, dated September 9, 1963, provides for visitation rights. The *sine qua non* of jurisdiction relating to visitation in the Family Court is the absence of an order thereon by the Supreme Court. (Family Ct. Act, § 447.) On this record there does not appear to have been any referral of an application relative to custody or visitation to the Family Court pursuant to section 467 of the Family Court Act. This proceeding, to the extent it is concerned with visitation, is within the scope of the subject matter of the judgment of September 9, 1963, of the Supreme Court. It is not a new proceeding, primarily concerned with protection. (Cf. Family Ct. Act, § 842; *Matter of Marks* v. *Marks*, 24 A D 2d 1017, affd. 17 N Y 2d 787.) Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McNally, JJ.

■ DORIS SCHIFF et al., Appellants, v. DOCTORS HOSPITAL et al., Respondents.— Appeal from order entered December 16, 1966, unanimously dismissed, with $30 costs and disbursements to respondent Doctors Hospital. An order denying reargument is not appealable. Concur — Stevens, J. P., Capozzoli, Rabin, McNally and Bastow, JJ.

■ In the Matter of ELEANOR GOLDBERG, Appellant, v. MANNY GOLDBERG, Respondent.— Order of the Family Court, entered April 14, 1967, unanimously affirmed, without costs and without disbursements and without prejudice to a new proceeding, if by virtue of cutting off of charge accounts, as heretofore maintained, or otherwise, the family is not furnished proper support in accordance with respondent's means. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.