James B. Kane, J.
On May 10, 1971, the Honorable Michael Catalano, Justice of the Supreme Court, granted a judgment of divorce to Gail B. Sturm, the petitioner in this matter. The divorce awarded custody of Laurie Lynn Sturm to Mrs. Sturm; ordered Mr. Sturm to pay the sum of $50 per week to the petitioner for the support of his said child; ordered Mr. Sturm to provide Blue Cross and Blue Shield insurance, or its equivalent, for the child; and granted visitation rights to Mr. Sturm.
On September 8,1971, Mrs. Sturm filed, in this court, a petition to enforce the support provisions of the above judgment. In her petition, she alleged that the respondent failed to provide support for his child since May 21, 1971.
On October 16,1972, respondent moved to dismiss the petition before the court. At that time, the petitioner opposed the motion.
As developed, one question to be decided in this matter is the present significance of subdivision (a) of section 447 of the Family Court Act.
*578 Petitioner argues that this court has jurisdiction to enforce the support provisions of the above judgment of divorce but, because of subdivision (a) of section 447 of the Family Court Act, this court cannot enforce the visitation provisions of said judgment. Subdivision (a) of section 447 of the Family Court Act states: “ In the absence of an order of custody or of visitation entered by the supreme court, the court may make an order of custody or of visitation requiring one parent to permit the other to visit the children at stated periods without an order of protection, even where the parents are divorced and the support order is for a child only.”
Today, and since May 24, 1972, subdivision (a) of section 447 must be read in conjunction with subdivision (b) of section 651 of the Family Court Act. Subdivision (b) of section 651 states: “ When initiated in the family court, the family court has jurisdiction to determine proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
Prior to May 24,1972, the effective date of subdivision (b) of section 651 of the Family Court Act, this court did lack original jurisdiction, generally, over matters of visitation and custody. Today, this court may entertain these matters without referral.
One of the reasons for the enactment of subdivision (b) of section 651 of the Family Court- Act was to eliminate situations wherein matters of support would be considered in this court, but that related matters of visitation and custody could not be determined here, except within the framework of an order of protection. Interested and/or aggrieved persons who were at one moment before one court could do no more than shuffle themselves to another court to complete their business; and when the “business ” was as interrelated as support and custody-visitation, who would wish to perpetuate the rule?
Subdivision (b) of section 651 does speak of “proceedings brought by petition and order to show cause ”. I hold that in the matter presently before this court, although the question of custody-visitation was not initiated by petition and order to show cause, nevertheless, this question is properly before this court at this time, and the court will consider it with the question of enforcement of support. To hold otherwise, under the sections of the law above cited, with the necessary and interested parties before the court, and under the present circumstances, unnecessarily would delay this matter and would cause us to revert to a former stage of legal development and nullify the progress that has been made in this area of the law.
This matter is scheduled for hearing, pursuant to the above on November 9, 1972 at 2:00 p.m. in Part 2.