Jacob Lutsky, J.
The parties herein were divorced oh February 13, 1970, by the issuance of1 a decree in the Supreme Court, Suffolk County.
Provision in detail was made in the decree for visitation by the father, the petitioner in this proceeding.
Petitioner has now moved by way of an order to show cause pursuant to subdivision (b) of section 651 of the Family Court Act to modify the visitation provisions of the aforesaid divorce decree.
The respondent wife has moved to dismiss this proceeding on the ground this court lacks jurisdiction or, in the alternative, that the proper venue should be Suffolk County in the event this court rules it has jurisdiction.
The Family Court is a court of limited jurisdiction and is confined in its actions to the powers granted to it by the precise language of the statute which creates it (Matter of Infanto v. Infanto, 66 Misc 2d 699, 702; Matter of Borkowski v. Borkowski, 38 A D 2d 752).
Obviously, therefore, the Family Court would have no power to enforce or modify decrees of divorce, separation or annulment *128 issued by the Supreme Court or those of sister States or foreign jurisdiction nor would it have any power over habeas corpus proceedings involving custody unless such powers were specifically given to it by statute.
The relevant statutes governing the afore-mentioned subjects are sections 447, 461, 466, 467, 651, 652 and 654 of the Family Court Act.
Sections 461 and 466 are not germane to the issue of custody and visitation since they relate solely to orders of support and thus need not be considered any further in this decision.
Section 654 is also irrelevant since it relates solely to out-of-State custody decrees.
The only section in the act relating specifically to visitation, the sole issue of this ease, is section 447 which provides that in the absence of an order of custody or visitation (emphasis by the court), the Family Court may make an order of custody or visitation. Further, in case the Supreme Court does make an order it shall supersede the Family Court order unless the Supreme Court continues the order of the Family Court.
Such is not the case here. The only order we have before us is that of the Supreme Court, Suffolk County, and no provision is made for enforcement or modification by the Family Court.
It appears clear therefore that the Family Court in the case herein has no power to modify the visitation provisions of the Suffolk County Supreme Court decree. The Court of Appeals has specifically so ruled in the case of Matter of Bolatin v. Bolatin (22 N Y 2d 794, affg. 29 A D 2d 534).
The petitioner urges that this court consider the custody sections of the act as he states “custody” also includes “ visitation ”.
The court does not agree with this contention as it may relate to the custody sections in this act, namely sections 467, 651 and 652. If the Legislature had intended to include visitation it would have done so specifically as it did in section 447. That this is an appropriate interpretation of these custody sections is borne out by legislation introduced in the 1973 session of the Legislature to expressly give the power to the Family Court over visitation as in custody under subdivision (b) of section 651 (see S1311-A).
Even if we are to concede that custody may include visitation in the absence of any contrary legislative intent,'the petitioner’s application must fall.
Sections 467 and 652, which are almost identical, give the power to the Family Court to modify or enforce custody orders *129 in a divorce, separation or annulment proceeding, only if the Supreme Court gives it such authorization in its decree. No such authorizaiton was given in the instant case.
Petitioner relies on subdivision (b) of section 651 enacted by the Legislature in 1972 and which reads as follows: “ (b) When initiated in the family court, the family court has jurisdiction to determine proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
It is the opinion of this court that this section is inapplicable to the present proceeding. It relates solely to habeas corpus proceedings for custody not involving a divorce, separation or annulment proceeding. Sections 467 and 652 deal with the latter. If the Legislature had intended to give the Family Court jurisdiction in these matrimonial matters, it would have also amended sections 467 and 652.
The Family Court has not had the power to entertain habeas corpus proceedings involving custody where no decree existed. It had only such power by virtue of referral by the Supreme Court (§ 651, subd. [a]). Many cases of alleged neglect instituted in the Family Court were really custody cases and were dismissed with the recommendation that the aggrieved party apply for a writ in the Supreme Court and request its referral to the Family Court pursuant to section 651.
Subdivision (b) was enacted to avoid this cumbersome process and permit the initiation of habeas corpus custody proceedings directly in the Family Court where no divorce, annulment or separation decrees have been made.
Most cases in the Family Court involving support do not relate to divorce, separations or annulment. The same may be said of proceedings involving custody. It is to the latter that subdivision (b) of section 651 is applicable.
The pattern seems clear after a review of the relevant statutes. The Family Court may not modify or enforce a divorce, separation or annulment decree of the Supreme Court which provides for visitation or custody unless the decree specifically authorizes the Family Court to so act. Habeas corpus proceedings for custody may be instituted in this court by order to show cause where there is no divorce, separation or annulment decree providing for custody.
This court is aware of the case of Matter of Sturm v. Sturm (71 Misc 2d 577), decided by my learned colleague in the Family Court, Erie County, which held that subdivision (b) of section 651 has in effect amended section 447. This court most respect *130 fully disagrees with its holding, for the reasons hereinabove stated.
Accordingly petitioner’s application for modification of the visitation provisions of the divorce decree of the Supreme Court, Suffolk County, is denied. The question of venue raised by the respondent is dismissed as academic in view of the foregoing decision.
The petitioner is not without any remedy. He may apply for relief to the Supreme Court, Suffolk County, which has the power to modify its decree, or request such court to refer the matter to the Family Court if he deems the facilities of this court more adequate to pass on this question and the Supreme Court agrees to do so.