F. Warren Travers, J.
This is an application for a writ of habeas corpus brought by a father to determine custody of a child held by the mother.
The application was made and a writ was allowed in Family Court, Sullivan County, directing the respondent to produce the child before the Family Court Judge of Sullivan County.
Respondent and the child reside in Westchester County. Petitioner and another child reside in Sullivan County.
Respondent mother made a return and at the same time counterclaimed to obtain custody of the couple’s other child held by the petitioner father.
The matter was set down for a hearing before me as Acting Family Court Judge. The petitioner, through his attorney, produced witnesses and documentary evidence. Respondent, through her attorney, cross-examined these witnesses.
At the close of petitioner’s case, the respondent moved to *1020 dismiss the proceeding on the ground that Family Court does not have jurisdiction. The court reserved decision, and the respondent, through her attorney, presented her case.
The Supreme Court of our State has inherent jurisdiction over custody proceedings. Jurisdiction of the Family Court is limited and we must, therefore, examine the Constitution and statutes to determine that jurisdiction.
By an amendment to the New York State Constitution adopted November 7, 1961, effective September 1, 1962, the Family Court of the State of New York was established. (Art VI, § 13, subd a.)
Article VI (§ 13, subd b) gives jurisdiction to Family Court over certain enumerated classes of proceedings to be originated in such Family Court in the manner provided by law, more particularly "(2) the custody of minors except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage”; and by subdivision c of the Same article with jurisdiction "to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court: habeas corpus proceedings for the determination of the custody of minors(Emphasis supplied.)
Section 651 of the Family Court Act, "Jurisdiction over habeas corpus proceedings and petitions for custody of minors,” reads as follows:
"(a) When referred from the supreme court or county court to the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody of minors.
"(b) When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
Section 115 of the Family Court Act summarizes the Family Court’s jurisdiction. Subdivision (b) of section 115 recites: "The family court has such other jurisdiction as is set forth in this act, including jurisdiction over habeas corpus proceedings and over applications for support and custody in matrimonial *1021 actions when referred to the family court by the supreme court”.
Subdivision (d) of section 115, recites: "The family court has such other jurisdiction as is provided by law.”
Prior to May 24, 1972, the effective date of subdivision (b) of section 651 of the Family Court Act, this court lacked original jurisdiction, generally, over matters of custody. Today, the Family Court may entertain matters of custody without referral in proceedings brought by petition and order to show cause. (Matter of Sturm v Sturm, 71 Misc 2d 577.)
The words in article VI (§ 13, subd b) "to be originated in such family court in the manner provided by law”, authorize legislative regulation of procedure such as enacted by the Legislature in section 651 of the Family Court Act as amended.
The procedure outlined therein is by petition and order to show cause.
I find that this court lacks jurisdiction in this habeas corpus proceeding.
Article VI (§ 19, subd e) of the New York State Constitution reads, "The family court shall transfer to the supreme court or the surrogate’s court or the county court or the courts for the city of New York established pursuant to section fifteen of this article any action or proceeding which has not been transferred to it from any of said courts and over which the family court has no jurisdiction.”
Accordingly, I transfer this matter to the Supreme Court, Sullivan County, for such proceedings as the court may deem proper.