OPINION OF THE COURT
Leon Deutsch, J.
The parties herein were divorced on September 25, 1975, by the issuance of a decree in the Supreme Court, Kings County. That decree awarded custody of the infant issue of the marriage to the respondent, and provided no referral to the Family Court.
Petitioner now moves by way of petition and order to show *93 cause pursuant to subdivision (b) of section 651 of the Family Court Act to change and modify that portion of the decree by transferring custody of the child from the respondent to the petitioner.
The respondent moves to dismiss the petition on the ground that this court lacks jurisdiction.
It was held prior to the enactment of subdivision (b) of section 651 of the Family Court Act that: "The sine qua non of jurisdiction relating to visitation in the Family Court is the absence of an order thereon by the Supreme Court.” (Bolatin v Bolatin, 29 AD2d 534, affd without opn 22 NY2d 794.) Thus, the Bolatin court modified the order of the court below by deleting the provision for the suspension of visitation rights; the Appellate Division took note that the judgment of the Supreme Court provided for visitation, and there had been no referral to the Family Court of the question.
In 1972, section 651 of the Family Court Act was amended to include a subdivision (b), to wit: "When initiated in the family court, the family court has jurisdiction to determine * * * proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
There is a split in such sparse authority as we have in interpreting this statute as it relates to the question raised herein. The petitioner relies on Matter of Sturm v Sturm (71 Misc 2d 577). That case held that on a petition to enforce support provisions of a divorce judgment (which provided for visitation), that the question of custody — visitation was properly before the Family Court and that the court would consider it with the question of enforcement of support. The court determined that section 447 of the Family Court Act was effectually amended by the new subdivision (b) of section 651 of the Family Court Act, and ruled that no referral was required. (Section 447 provides that in the absence of an order of custody or visitation, the Family Court may make an order of custody or visitation; further, if the Supreme Court makes an order of custody or visitation, a Family Court order under this section shall terminate unless continued by the Supreme Court.)
Holding to the contrary was the case of Matter of Donne v Pace (74 Misc 2d 127). It was there held that subdivision (b) of section 651 was enacted to avoid the cumbersome process of a habeas corpus proceeding involving custody in the Supreme Court, since the Family Court lacked such powers, except by *94 referral from the Supreme Court (Family Ct Act, § 651, subd [a]), and to permit the initiation of a custody proceeding directly in the Family Court where no divorce, annulment or separation decree was made. The court also stated its opinion that if the Legislature had intended to give the Family Court jurisdiction over custody questions in matrimonial matters where the Supreme Court had spoken by decree, it would have also amended sections 467 and 652 of the Family Court Act. (These sections deal specifically with referrals from the Supreme Court to the Family Court in custody matters as they relate to matrimonial actions.)
It is the opinion of this court that the construction enunciated in Donne v Pace is correct, both for the reasons therein stated, and from an analysis of the implicit legislative intent.
Neither the New York Legislative Annual, nor McKinney’s Sessions Laws provided commentary. The court, therefore, examined the legislative bill jacket in the New York State Library, which proved to be illuminating; (this file contained memoranda and letters from the public and private groups who, obviously, inspired the new statutory enactment).
The bill memorandum filed by the Chairman of the Senate Committee on Mental Hygiene stated that the bill was intended to implement the specific provision of the State Constitution (art VI, § 13, subd b) giving original jurisdiction to the Family Court over certain classes of action including proceedings brought by petition and order to show cause for the determination of custody of minors.
The comments and recommendations (in the legislative bill jacket) made by various social and governmental agencies, and Bar and Bench groups, and furnished to the Counsel to the Governor, at his request, all similarly indicated that the bill would (1) expedite determination of such matters over which the court already had statutory authority, and (2) that the court should have jurisdiction to determine custody on a petition and order to show cause when initiated in the Family Court. Fundamental to such recommendations, was the general observation that (prior to the adoption of subdivision (b) of section 651) many Family Court Judges were not accepting jurisdiction in the belief that the only permissive method of bringing on such a matter was by way of habeas corpus in the Supreme Court. (It should be noted here that most custody *95 proceedings in the Family Court do not involve prior matrimonial actions).
The clearest exposition of the new statute in line with the bill memorandum and recommendations hereinabove referred to, is the letter written to the Governor’s Counsel by the Association of the Bar of the City of New York on behalf of its Committee on Family Court and Family Law and its Committee on State Legislation. That letter, in pertinent part, stated:
“The original jurisdiction to hear custody cases is clear under Article VI, Sec. 13b of the State Constitution, but this bill must become law in order to make that jurisdiction effective.
“The bill does not change the restrictions on the Family Court’s jurisdiction to enforce and modify orders of custody and visitation made by the Supreme Court. Under FCA 467, an express referral is required in applications to modify or enforce Supreme Court judgments or orders of custody. Under FCA 447, the Family Court can make orders of custody or visitation in a support proceeding only in the absence of a Supreme Court order. Bolatin v. Bolatin, 29 A.D. 2d 534, 285 N.Y.S. 2d 625 (1967), affd, 22 N.Y. 2d 794, 292 N.Y.S. 2d 897, 239 N.E. 2d 641.
"What the bill does is provide a choice of forum in which to initiate custody litigation when the Supreme Court has not already spoken. ” (Emphasis supplied.)
Accordingly, this court holds that subdivision (b) of section 651 of the Family Court Act may be used to initiate a custody proceeding in the Family Court, after a matrimonial decree rendered in the Supreme Court only when the Supreme Court has not, in its decree, spoken to the matter.
The petitioner’s remedy is to seek modification of the decree of divorce in the Supreme Court, Kings County, or to request that court to refer same to the Family Court. It is likely that the Supreme Court will refer the matter in any case. It is equally true that the facilities of this court may be more adequate to pass on questions of custody. It is also worthy of note that persons of little or no means can initiate proceedings in this court without the expense of retained counsel. Moreover, it would be desirable to shortcut a cumbersome procedure whereby an action is commenced in the Supreme Court and then referred to the Family Court.
Unfortunately for the petitioner, it is not for this court to *96 create statutory enactments; nor to circumvent the plain intent of the Legislature. We would take this opportunity to bring an obvious need to the attention of the Legislature and hope that they may see fit to provide the necessary remedy.
The petition is dismissed.