Kenneth W. O’Hare, J.
Petitioner instituted this proceeding under section 651 of the Family Court Act to enforce the visitation provisions of a decree of divorce entered by the Supreme Court, Queens County, on January 6, 1975. In his petition dated August 24, 1976, petitioner alleges that respondent has refused him his visitation rights with his daughter, Shelly, born on September 5,1963.
Pursuant to the terms of the divorce decree, petitioner was granted specific visitation rights with his daughter. In addition thereto, he was directed to comply with the court’s child support order of $40 per week. It is noteworthy to point out that said payments of support for the infant issue of the marriage were conditioned upon the respondent affording the petitioner the right to visit with his daughter. This court totally concurs with the principle that where a father’s right to visit with his child is being disregarded, the Trial Judge may decline to enforce a support order. (See Matter of Bickford v Bickford, 83 Misc 2d 571; Matter of Roe v Doe, 29 NY2d 188; Feuer v Feuer, 50 AD2d 772; Abraham v Abraham, 44 AD2d 675; Matter of Fleischer v Fleischer, 25 AD2d 901.)
*851 In the instant case, the infant issue of the marriage adamantly refuses to visit with her father, petitioner herein. A full evaluation and treatment of the parties and child was ordered by the court. On the adjourned date of May 13, 1977 counsel for both sides consented to having the court make a decision and order based on the papers and the psychiatric report prepared by the Mental Health Services. The court reserved decision, pending an interview with the child, the latter conference occurring on June 7.
The court has noticed an increasing number of proceedings instituted by parties in this court concerning the issue of visitation. Where a divorce is obtained on fault grounds, deep emotions are instilled in the parties. This animosity only naturally flows to the issue of the marriage. Needless to say, the noncustodial parent is the individual who suffers and is the one who finds his relationship with his child deteriorating.
This situation is of the type the court is faced with in the instant case. The child steadfastly refuses to visit with her father and apparently feels very comfortable with her mother and stepfather. However may be her relations in her home setting, the court cannot condone her behavior to her natural father.
The court realizes its limitations in not being able to regulate the internal affairs of the home. However, where a child and custodial parent flagrantly abuse an order of the court, certain sanctions by the court can be imposed. As was stated in Matter of Roe v Doe (supra, at p 193) "the child’s right to support and parent’s right to custody and services are reciprocal”.
Pursuant to subdivision (b) of section 651 of the Family Court Act, on custody and/or visitation proceedings instituted by petition and order to show cause, the Family Court has jurisdiction to determine the issues with the same powers by the Supreme Court.
Accordingly, the court concludes that petitioner is entitled to the visitation rights granted to him pursuant to the decree of divorce dated January 6, 1975 from the Supreme Court. Furthermore, the support order is modified to provide that no child support will be payable for any week in which there is not complete compliance with such order of visitation.