Richard D. Rosenbloom, J.
Petitioner initiated this proceeding to enforce various court orders requiring respondent to support two children. Respondent submitted an answer asserting that he has paid all amounts due, requesting that the support order be reduced and that custody of the children be awarded to him.
The court has before it a motion by petitioner to dismiss respondent’s "third affirmative defense and cross-petition” seeking custody of the children on the grounds that the court lacks jurisdiction. Although no copy of the divorce decree was submitted, the parties agree in their pleadings that they were divorced by Supreme Court decree granted June 28, 1971 and respondent alleges custody of the children was awarded to *258 petitioner without a hearing. Neither party contends that any issue of custody was referred to Family Court.
The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute (Matter of Borkowski v Borkowski, 38 AD2d 752; Loeb v Loeb, 14 AD2d 270). The court has considered each section of the Family Court Act dealing with custody and referrals from Supreme Court to determine whether it applies to the facts in this proceeding.
Subdivision (b) of section 115 of the Family Court Act confers jurisdiction over habeas corpus proceedings and applications for custody in matrimonial actions when referred by the Supreme Court. Section 447 authorizes an order of custody in the absence of an order of custody by the Supreme Court. Sections 461 and 466 deal with Family Court’s powers to modify Supreme Court orders of support. Section 467 authorizes Supreme Court to refer applications for custody and applications to enforce and modify orders of custody.
Subdivision (a) of section 651 confers jurisdiction over habeas corpus proceedings and custody proceedings referred from Supreme Court. Subdivision (b) of section 651 deals with custody proceedings initiated in Family Court. Section 652 grants jurisdiction over applications for custody and applications to modify orders of custody in matrimonial actions when referred by Supreme Court. Section 654 deals with modification of out-of-State custody orders.
None of the foregoing sections grants jurisdiction to the Family Court to modify a Supreme Court order of custody without an order of referral. Accordingly, petitioner’s motion is granted and respondent’s third affirmative defense and cross petition is dismissed, without prejudice to respondent’s right to apply to Supreme Court to modify its custody order.