■ VENETIA SOKOLSKY, Respondent, v HERBERT SOKOLSKY, Appellant.— Order, Family Court, New York County, entered on or about December 20, 1976, directing the respondent-appellant to pay $1,000 per month as and for alimony and support and, further, modifying visitation provisions provided in a divorce decree, unanimously reversed, on the law, and the petition dismissed, without costs and without disbursements, and the petitioner-respondent's attorney's request to be relieved from further representation of her granted. The alimony and support, upon which Family Court presumed to rule, were provided for in a divorce decree incorporating a separation agreement expressly stating that all questions concerning them should be referred to arbitration. Therefore the parties should have been relegated to an arbitration proceeding (Matter of Exercycle Corp. [Maratta], 9 NY2d 329; Matter of Robinson, 296 NY 778), with any ambiguity in the agreement left to the arbitrators (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91). The existence of a Supreme Court judgment setting forth visitation rights precludes the Family Court's ruling thereon (Family

Ct Act, § 447; see, also, *Matter of Bolatin v Bolatin,* 29 AD2d 534, affd 22 NY2d 794). Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.