OPINION OF THE COURT
Louis B. Heller, J.
Plaintiff moves for an order pursuant to section 467 of the Family Court Act for a referral to the Family Court of the issue of modification of the decree of divorce entered in this court with respect to its decretal provision granting plaintiff rights of visitation with the son of the parties’ marriage. Plaintiff further requests that the order be entered, nunc pro tunc, as of date of the decree and that this court additionally make an order to be effective, nunc pro tunc, as of April 27, 1977, expanding the visitation rights of plaintiff in accordance with an order of the Family Court entered on a settlement between the parties.
Plaintiff’s authorities for the entry of an order effective nunc pro tunc as of an earlier date relate to corrective orders *166 made in the same court and in the same action and proceeding. What plaintiff is seeking of this court is an order that will overrule the decision of Family Court Judge M. Holt Meyer. Judge Meyer refused to enforce an order of the Family Court Judge Rose McBrien, entered on September 26, 1977, that modified the visitation decretal provision of the divorce decree by increasing plaintiff’s rights of visitation in accordance with a stipulation on the record made before her. Judge Meyer correctly held that the Family Court did not have jurisdiction to modify the divorce decree.
This court disagrees with a holding of Family Court Judge James B. Kane, Erie County, made, in Matter of Sturm v Sturm (71 Misc 2d 577, 578) wherein he states that "since May 24, 1972 subdivision (a) of section 447 [Family Court Act] must be read in conjunction with subdivision (b) of section 651 of the Family Court Act * * * [so that] [t]oday this court may entertain these matters without referral.”
Subdivision (a) of section 447 provides: "In the absence of an order of custody or of visitation entered in the supreme court, the [family] court may make an order of custody or visitation”. Subdivision (b) thereof further buttresses the legislative mandate limiting the jurisdiction of the Family Court to only those cases where no order or judgment of divorce had been entered by providing: "Any order of the family court under this section shall terminate when the supreme court makes an order of custody or of visitation”. To date, section 447 of the Family Court Act has not been amended or modified by the Legislature and may not be amended or modified by judicial fiat.
Section 651 of the Family Court Act was enacted to confer additional jurisdiction on the Family Court to hear and determine matters of custody and visitation but only: "(a) When referred from the supreme court or county court to the family court” or, "(b) When initiated in the family court”. "Initiated”, as used in the context of the statute, can only mean and refer to a de novo proceeding that is commenced in the Family Court to consider for the first time the custody and visitation rights of the parents. (See this court’s decision in Mandel v Mandel, NYLJ, July 2, 1974, p 13, col 6, affd as mod on other matters 47 AD2d 544, wherein this court enjoined the pursuance of a Family Court proceeding relating to custody and visitation and stated: "No concern was given to section 447 of the Family Court Act which deprives the *167 Family Court of jurisdiction when a judgment or 'order of custody or visitation [had been] entered by the Supreme Court’ see, also, Matter of Donne v Pace, 74 Misc 2d 127.)
Since both parties desire a referral to the Family Court of the issue of visitation as sought by plaintiff, this court hereby refers such issue to the Family Court with full power to modify the decretal provision of the judgment of divorce, dated and entered in this court on September 28, 1972, that defines plaintiff’s visitation rights.
Accordingly, plaintiff’s motion is granted to the extent herein indicated.