■ KAREN HARRINGTON, Respondent, v AUBREY L. HARRINGTON, Appellant.—Order reversed and petition dismissed, without costs. Memorandum: Petitioner-respondent commenced this proceeding on July 15, 1977 by order to show cause in Family Court pursuant to subdivision (b) of section 651 of the Family Court Act to obtain permanent custody of her 10-year-old child. Respondent-appellant, the child's father, had been awarded custody pursuant to a decree of divorce entered October 28, 1976. The divorce decree

contained no provision referring matters pertaining to custody to Family Court or otherwise authorizing a modification of the custody provision by Family Court. Nevertheless, Family Court, after a hearing on August 5, 1977, made an order granting permanent custody to petitioner-respondent, suspending respondent-appellant's visitation rights subject to further order of the court, and directing him to pay $50 per week child support and $3,500 in counsel fees. We hold that under the circumstances Family Court was without power to make any order modifying the custody and visitation provisions of the divorce decree. It is clear from the various provisions of the Family Court Act that the Legislature intended to prohibit any modification by Family Court of an existing Supreme Court decree pertaining to custody in the absence of a specific provision in the Supreme Court decree giving Family Court authority to do so *(Perri v Vella,* 91 Misc 2d 257; *Matter of Donne v Pace,* 74 Misc 2d 127; see, also, *Matter of Bolatin v Bolatin,* 29 AD2d 534, affd 22 NY2d 794). Under subdivision (a) of section 447 of the Family Court Act, Family Court is granted power to make an order of custody or visitation but only "In the absence of an order of custody or of visitation entered by the supreme court". The restriction of the power to instances where there is no order of Supreme Court compels the conclusion that where there is such an order of Supreme Court, Family Court may not modify it in the absence of express permission. The same conclusion must be drawn from the grant of authority to Family Court in section 461 (subd [b], par [ii]) and section 466 of the Family Court Act to modify Supreme Court decrees pertaining to child support and alimony in all cases except where the Supreme Court decree contains a provision prohibiting such modification. Such authority to modify Supreme Court decrees in cases where the decree is silent on referral and contains no prohibition is not granted to Family Court in matters pertaining to custody. Under section 467, subdivision (a) of section 651 and section 652 of the Family Court Act, Family Court is specifically empowered to modify custody provisions in Supreme Court decrees only when the matter has been referred by Supreme Court. Under the accepted maxim of statutory construction *"expressio unius est exclusio alterius"* (McKinney's Cons Laws of NY, Book 1, Statutes, § 240), the failure of the Legislature to give Family Court power to modify Supreme Court custody decrees under sections 467, 651 and 652 of the Family Court Act when the decree is silent on the question of referral to Family Court, as it has done in sections 466 and 461 with respect to alimony and support, must be interpreted as an expression of legislative intent to deny Family Court such power in custody matters except when there is an express referral. Nothing in subdivision (b) of section 651 of the Family Court Act suggests a contrary. conclusion. That provision pertains only to custody proceedings initiated in Family Court where there is no existing Supreme Court custody decree *(Matter of Donne v Pace, supra).* Inasmuch as Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by the Legislature *(Matter of Borkowski v Borkowski,* 38 AD2d 752), we think it is wrong to read into subdivision (b) of section 651 by implication a grant of authority to modify Supreme Court custody decrees in cases where there has been no referral from Supreme Court. There is no language in subdivision (b) of section 651 suggesting that the Legislature intended to grant such power. Furthermore, such a construction would conflict with other sections of the Family Court Act manifesting a legislative intent to deny the authority (Family Ct Act, § 447, subd [a]; §§ 466, 467, 651, subd [a]; § 652) and would make the provisions granting Family Court power to modify Supreme Court custody decrees upon referral of the matter by

Supreme Court meaningless and unnecessary. The interpretation would, therefore, contravene the established canons of construction to the effect that all parts of a statute must be construed together and harmonized with each other and with the general intent of the whole statute and that meaning and effect must, if possible, be given to all parts of the statute (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98). Finally, a contrary decision could be interpreted as a precedent countenancing an effort by an unsuccessful litigant in a contested matrimonial action to relitigate the issue of custody before a different Judge. Such practice offends established rules against attempts to overrule a determination made by one Judge in a matter by making a motion to vacate or modify the determination before another Judge of co-ordinate jurisdiction (cf. CPLR 2221). As we stated in reversing a modification of a custody decree by a Judge who had not made the original determination: "The action of the second Justice in purporting to clarify or correct the judgment of the first Justice was an irregular and improper procedure *(Buffalo Downtown Garage v Winfield Assoc.,* 42 AD2d 820). The matter should have been referred to the Judge who signed the original judgment. Such is the settled practice *(Kamp v Kamp,* 59 NY 212, 215). It accords with the aim of sparing the time and effort of the second Justice to familiarize himself with a matter already familiar to a colleague. Deviating from this practice is wasteful of judicial time and, if countenanced, would cause confusion and vexatious litigation contraproductive to the orderly administration of justice (1 Carmody-Wait, N.Y. Practice, p 719). The rationale for the referral to the original Justice is pointedly apt in a matrimonial case involving, as it does, so many complex human entanglements and requiring considerable investment of judicial time for a single Justice to educate himself." *(Maggiore v Maggiore,* 49 AD2d 1021-1022). Inasmuch as Family Court lacked authority to entertain the proceeding to modify the custody and visitation provisions of the divorce decree, the order is reversed and the petition dismissed without prejudice to commencement of an appropriate proceeding in Supreme Court. The provisions for child support and counsel fees may not stand because both are predicated on the court's having jurisdiction to modify the custody and visitation provisions of the decree. All concur, except Moule, J., who dissents and votes to remit the matter to Erie County Family Court for a new hearing, in an opinion. Moule, J., dissenting. I dissent and believe that based upon a comparison with related sections of the Family Court Act and the practicalities involved, the correct interpretation of subdivision (b) of section 651 permits the Family Court in the first instance to entertain a proceeding of this nature. There are two sections of the Family Court Act dealing with custody questions arising in the context of matrimonial actions. Section 467 states that "In an action for divorce, separation or annulment, the supreme court may refer to the family court applications to fix temporary or permanent custody * * * and applications to modify judgments and orders of custody". Section 652 states that "When referred from the supreme court to the family court, the family court has jurisdiction to determine * * * applications to modify judgments and orders of custody in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage." These two sections confer jurisdiction in the Family Court over applications for modification of custody where such matter is referred to it by the Supreme Court. However, there is no language in either statute precluding the Family Court from acquiring original jurisdiction over such application where it is brought initially to that court. Moreover, I do not believe that section 447 of the Family Court

Act which the majority heavily rely upon, has any bearing here as I believe that it concerns "visitation". Both the headnote in part 4 of article 4 and that of the section itself refer to "Order of visitation". Section 466 of the Family Court Act entitled "Effect of granting of support in action for divorce, separation or annulment", provides that where the order or decree of the Supreme Court granting alimony or support in an action for divorce, separation or annulment neither requires that the Family Court entertain an application to enforce or modify the order or decree (Family Ct Act, § 466, subd [a]) nor requires that only the Supreme Court itself may enforce or modify the order or decree (Family Ct Act, § 466, subd [b]), the Family Court may entertain such application (Family Ct Act, § 466, subd [c]). Accordingly, where an order or decree of the Supreme Court granting alimony or support is silent as to the forum where future proceedings should be brought, the Family Court may entertain such proceeding. Although it is true that the Legislature failed to use similar language in drafting subdivision (b) of section 651 pertaining to custody proceedings, an interpretation of that section in accord with the scheme set forth under section 466 relating to alimony and support would be most sensible and practical. Those sections dealing with referral of custody matters by the Supreme Court to Family Court would pertain to either situations where within its decree or order the Supreme Court specifically provides that proceedings for enforcement or modification thereof be brought in Supreme Court or situations where the application for enforcement or modification is voluntarily brought to the Supreme Court. Under these circumstances, the matter may be referred to the Family Court (Family Ct Act, §§ 467, 651, subd [a]; § 652). However, where the Supreme Court judgment fixing custody, as here, is silent as to the forum where applications to enforce or modify such provision of custody should be brought, there appears no reason why such application may not be made in Family Court, pursuant to subdivision (b) of section 651 of the Family Court Act. Not only would such interpretation of that section tend to relieve the Supreme Court of the burden of handling such matters, but it would refer these matters to the Family Court for disposition, in order to take better advantage of its expertise in the area and of the expanded ancillary services, including probationary and psychiatric services, which are available to it. Moreover, interpreting subdivision (b) of section 651 in such a manner would eliminate those situations wherein matters of support could be considered in Family Court under subdivision (c) of section 466 but matters of custody and visitation would necessarily have to be dealt with separately in Supreme Court. Furthermore, had this matter been brought initially in Supreme Court, it might well have been referred to Family Court in any event. It is unrealistic to believe that a Supreme Court Justice will recall the particular facts and circumstances surrounding his signing of a custody order or decree possibly months or years earlier, particularly where there was no express requirement made in such order or decree that applications for modification be made in Supreme Court. Therefore, I believe that subdivision (b) of section 651 of the Family Court Act gives the Family Court concurrent jurisdiction with the Supreme Court to determine proceedings brought by petition and order to show cause for the modification of custody, where the custody rights sought to be modified are set forth in a prior Supreme Court judgment of divorce and that judgment of divorce is silent as to the forum where future proceedings must be brought (see *Matter of Sturm v Sturm*, 71 Misc 2d 577; see, also, *Matter of King v King*, 83 Misc 2d 1019; *Matter of Benjamin B. v Rivka M.*, 90 Misc 2d 850). Additionally, I believe that the

method of service ordered by the Family Court was sufficient and reasonably calculated to give respondent notice of the proceeding and an opportunity to be heard. In my opinion, however, the evidence adduced at the hearing, in respondent's absence, failed to establish such an extraordinary change in circumstances so as to warrant the change of custody and constitute an insufficient basis for an award of either counsel fees or child support. Accordingly, I would remit this matter to the Family Court for a new hearing. (Appeal from order of Erie County Family Court—custody.) Present —Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.