■    In the Matter of THEODORE HOOD, Respondent, v MARY T. MUNROE, Appellant.—In a proceeding pursuant to article 6 of the Family Court Act to obtain reasonable visitation, the appeals are from four orders of the Family Court, Dutchess County, as follows: (1) an order dated February 14, 1977 which, *inter alia,* directed appellant to produce the infant son of the parties for examination by a psychiatrist and/or physician; (2) an order dated May 6, 1977 which, *inter alia,* granted the petitioner certain visitation rights; (3) an order dated August 10, 1977 which directed the appellant to produce the infant for visitation and permitted the petitioner to have the infant examined by a psychiatrist; and (4) an order dated August 25, 1977 which held appellant in contempt, directed the issuance of a warrant for her arrest, awarded counsel fees to the petitioner and granted petitioner custody of the infant. Appeals from the first three above-described orders dismissed, without costs or disbursements (see Family Ct Act, § 1112). Order dated August 25, 1977 reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a plenary hearing before another Judge, with both parties and child to be present at such hearing. For reasons which may or may not have been proper, appellant Mary Munroe failed to appear at a number of scheduled hearings in the Family Court. Her absences resulted in an order of that court which held her in contempt, issued a warrant for her arrest, awarded petitioner some $15,000 in counsel fees and changed custody of the infant, Peter Hood, from her to the petitioner-respondent. Appellant's principal contention on appeal is that the Family Court lacked subject matter jurisdiction over this proceeding because the infant was neither present nor domiciled in New York during the pendency of the proceeding. This contention must fail. The Family Court has jurisdiction to determine visitation rights (Family Ct Act, § 651, subd [b]; *Matter of Juan R. v Necta V.,* 55 AD2d 33), and courts have entertained jurisdiction of custody proceedings where the infant was absent when there was personal jurisdiction over both parents and both parents maintained residences in and other contacts with New York (see *People ex rel. Satti v Satti,* 55 AD2d 149; *Matter of Horowitz v Huttler,* 39 Misc 2d 11). The Family Court erred in holding the appellant in criminal contempt without providing her with an opportunity in open court to offer any reason in law or fact why she should not be so held (see *Matter of Katz v Murtagh,* 28 NY2d 234, 236), and in altering a custodial arrangement of 10 years' duration without holding a full hearing and without a showing of severely changed circumstances or parental unfitness (see *Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768). Moreover, it does not appear that the best interests of the child were considered by the Family Court in

issuing its orders. For these reasons we have reversed and remanded this proceeding for a full hearing before a different Judge. Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.