OPINION OF THE COURT
Howard Miller, J.
The within motion to dismiss the petition for the custody of the three children of the former marriage between the petitioner and the respondent is made by the respondent predicated on the contention that this court does not have jurisdiction of the subject matter. The parties were divorced on February 2, 1972. The judgment of divorce entered in the Supreme Court, State New York, Rockland County, granted custody of the said children to the respondent and at the same time referred the issue of child support and the visitation to the Family Court for determination.
The issue raised in this motion to dismiss is centered upon the interpretation of subdivision (b) of section 651 of the Family Court Act which provides: "When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petitioner and order to show cause, for the determination of the custody of minors.”
*435 A brief review of the history of the adoption of the controverted subdivision (b) of section 651 of the Family Court Act shows important amendments pursuant to chapter 535 of the Laws of 1972 concerning jurisdiction to hear custody matters. Subsequently, by chapter 916 of the Laws of 1973, the Legislature added to subdivision (b) of section 651 of the Family Court Act the following words: "to determine, with the same powers possessed by the supreme court in addition to its own powers”.
To this court, this amendment clearly indicates the intention of the Legislature in adopting the amendment contained in chapter 916 of the Laws of 1973, was to invest in the Family Court the "same powers possessed by the supreme court” (emphasis supplied). This amendment thereby created two forums in which a custody proceeding may be brought irrespective of which court the original order of custody was entered and irrespective of whether or not there was an express referral by the Supreme Court to the Family Court.
Webster’s New International Dictionary ([2d ed], p 2209) defines "same” to mean: "Being one without addition, change, or discontinuance; being no other; having one nature or individuality; identical; not different from that referred to specifically in the following clause”. The Random House Dictionary of the English Language (p 1264) defined "same” as follows: "1. Identical with what is about to be or what has just been mentioned. 2. Being one or identical though having different names, aspects, etc.”
Subdivision (b) of section 651 of the Family Court Act starts with the clause "[w]hen initiated in the family court” in relating to the custody proceedings and again the issue becomes one of definition. This courts finds that said word as used in this section means "to begin, set going or originate” (Random House Dictionary of the English Language, p 732) and accordingly where the proceeding is begun or filed at the commencement of the proceeding to modify the custody order in the Family Court, this court has the same powers as though the petition were filed in the Supreme Court. Section 240 of the Domestic Relations Law authorizes the Supreme Court to modify custody, among other matters, and, therefore, the Family Court having "same powers” as the Supreme Court may also modify the custody order of the Supreme Court even though the application for modification was "initiated” in the Family Court without the express referral from the Supreme *436 Court. In such instance the Family Court has concurrent jurisdiction with the Supreme Court with the "same powers”.
This court has considered the decision of the court in Harrington v Harrington (60 AD2d 982) and this court agrees with the dissenting opinion rendered in that case. Family Court, prior to the 1972 and 1973 amendments of section 651 of the Family Court Act, had already jurisdiction of "the custody of minors except for custody incidental to actions and proceedings for marital separation, divorce * * * or except for custody in habeas corpus proceedings” (NY Const, art VI, § 13, subd b, par [2]). Already having had jurisdiction (L 1962, ch 686; L 1966, ch 686) the amendment contained in chapter 916 of the Laws of 1973 would serve no purpose except to provide concurrent jurisdiction in custody cases with or without Supreme Court order of custody. The addition of subdivision (b) to section 651 of the Family Court Act, as amended is construed by this court to grant concurrent jurisdiction to the Family Court with the Supreme Court to hear applications to modify the Supreme Court order of custody with or without referral from the Supreme Court.
In the instant case, the Supreme Court in its divorce decree dated February 2, 1972 referred to the Family Court all matters relating to the support of the plaintiff herein and the children of the marriage as well as visitation rights of the defendant therein. It would seem to this court that the exclusion of the word "custody” was a drafting oversight and that it would be unlikely for the Supreme Court to have split the jurisdiction between itself and the Family Court and, in effect, create multiple suits where all of the issues concerned could have been resolved in one court. Visitation has been held to be a form of custody (Matter of Juan R. v Nectar V., 55 AD2d 33) and the retention of issue of custody in the Supreme Court had the referral of visitation to the Family Court creates a multiplicity of suits to solve one issue.
Motion to dismiss the petition herein for lack of jurisdiction is denied.