OPINION OF THE COURT
Anthony K. Pomilio, J.
George C. Hollenbeck and Linda Hollenbeck, also known as Linda Alexander, the respondents herein, were married on February 20, 1968. There were two children born of the marriage, George Christopher Hollenbeck, Jr., born October 18, 1968, and Tricia Carolyn Hollenbeck, born February 18, 1971. George C. Hollenbeck obtained a decree of divorce against Linda Hollenbeck on June 6, 1975, under the terms of which custody of the two children was granted to their mother with reasonable visitation to their father. The divorce decree contains no provision granting jurisdiction to Family Court with reference to any matters including custody.
The petitioners, Frank Bartlett and Edith Bartlett, the maternal grandparents, initiated this proceeding in this court on March 27, 1979, against the respondents to obtain custody of the two children. Personal service was effected on both Linda Hollenbeck and George C. Hollenbeck, and the matter was returnable in this court on April 26, 1979. On that date, petitioners’ attorney, the respondent, Linda Hollenbeck, and her attorney appeared. There was no appearance by George C. Hollenbeck or anyone on his behalf, and there was no communication of any nature from him.
Mrs. Linda Hollenbeck has continued to retain legal custody of these two children. However, it is conceded by the attorney for Mrs. Hollenbeck that physical custody of the child, George Christopher Hollenbeck, Jr., has been with Mr. Hollenbeck with Mrs. Hollenbeck’s consent for some time. Mr. Hollenbeck together with the child resides in the State of Connecticut. Mrs. Hollenbeck’s attorney argued that this court did not have jurisdiction to determine custody of this child since both he and his father reside in the State of Connecticut. Petitioners’ attorney contended that it would place undue hardship to all concerned to have custody of one child determined in New York and to leave in abeyance determination of custody of the other child in Connecticut. In addition, his contention was that this court, in any case, had jurisdiction to determine *750 custody of both children. The matter was held for submission of memoranda.
Petitioners’ attorney submitted such a memorandum. Mrs. Hollenbeck’s attorney did not submit any memorandum, but stated in a letter that Matter of Hood v Munroe (62 AD2d 1058), cited in petitioners’ memorandum, is not applicable in this case as Mr. Hollenbeck does not reside in New York and as physical custody of the child, George Christopher Hollenbeck, Jr., was granted by Mrs. Hollenbeck to Mr. Hollenbeck on a "permanent” basis.
Initially, we were prepared to determine whether this court had jurisdiction to determine custody of the child, George Christopher Hollenbeck, Jr., only. However, upon further review in this matter, we feel that it must first be determined whether this court in fact has any jurisdiction with reference to the matter of custody. Accordingly, we shall proceed on this basis.
This proceeding is basically brought to modify the custody provision of the above-mentioned divorce decree. It was brought under subdivision (a) of section 651 of the Family Court Act, which provides: "When referred from the supreme court or county court to the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
The language of the statute is quite clear that Family Court can determine custody of minors only when there is a referral either from Supreme Court or the County Court to Family Court. The decree of divorce in this case contains no provision whatsoever by which the issue of custody could have been considered as referred to the Family Court. Absent such a referral, this court has no jurisdiction whatsoever. (Harrington v Harrington, 60 AD2d 982.)
In the Harrington case, a decision handed down by the Appellate Division, Fourth Department, early in 1978, that court stated categorically (p 983), "It is clear from the various provisions of the Family Court Act, that the Legislature intended to prohibit any modification by Family Court of an existing Supreme Court decree pertaining to custody in the absence of a specific provision in the Supreme Court decree giving Family Court authority to do so”.
*751 There would be no reason to assume that the situation would be otherwise than at the time the Harrington matter was determined except that the Legislature, later in 1978, subsequent to the decision in the Harrington matter, amended subdivision (b) of section 651 to read as follows: "When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody of minors.” (Italics indicate change.) It is the contention of the petitioners’ attorney that this amendment overrules the Harrington decision. We do not agree with this viewpoint.
Harrington was not a habeas corpus proceeding but a proceeding brought under subdivision (a) of section 651 of the Family Court Act, in which the mother sought a modification of a decree of Supreme Court which had awarded custody of the infant children to their father. Her position was not that custody of the children was granted improperly but merely that the situation warranted a change in custody. It was upon these facts that the Appellate Division held that the Family Court had no jurisdiction to modify a Supreme Court decree, absent a direct referral by that court to Family Court.
The 1978 amendment to subdivision (b) of section 651 of the Family Court Act did not address the facts contained in the Harrington matter. The memorandum submitted by the Office of Court Administration concerning the amendment contained nothing to indicate that the amendment was designed to change the holding in the Harrington matter. Instead, those comments indicate that the amendment was adopted to implement a 1974 constitutional amendment which empowered Family Court to have jurisdiction over habeas corpus proceedings, a power which had not been implemented by statute previously. (1978 McKinney’s Session Laws of NY, p 1926.)
Furthermore, a habeas corpus proceeding would not lie in this case. Traditionally, habeas corpus has been the remedy when a person has been detained unlawfully (see CPLR 7001 and cases cited). With respect to the custody of children, the remedy of habeas corpus would lie where the custodial decree was invalid or granted without jurisdiction or where the noncustodial parent has unlawfully taken the child from the custodial parent. In the present case, however, there is no allegation that the divorce decree was in any way invalid. *752 Therefore, the custody with the mother is lawful and proper, and a habeas corpus proceeding brought in Family Court would not be the proper remedy to obtain the relief sought by the petitioners.
It is interesting to note that there is only one statutory provision relating to grandparental rights. Section 72 of the Domestic Relations Law entitled "Habeas corpus to obtain visitation rights in respect to certain infant grandchildren” specifically provides that under circumstances specified, grandparents may be granted visitation rights with respect to certain infant grandchildren. This provision provides that such visitation rights may be sought only in Supreme Court on a writ of habeas corpus. Subdivision (b) of section 651 of the Family Court Act as amended in 1978 did, in our opinion, give Family Court the same jurisdiction that is conferred on Supreme Court to consider the matter of visitation rights to grandparents in such a habeas corpus proceeding. However, in this case, the grandparents are not seeking visitation, but rather, full custody, legal and physical, of their grandchildren. Thus, the habeas corpus proceeding set forth in subdivision (b) of section 651 does not apply here.
The petitioners actually are seeking modification of the custody provisions of a Supreme Court decree. There is no basis, absent a referral from Supreme Court, on which this court has any jurisdiction over such a proceeding. The proper remedy for the petitioners would be to petition Supreme Court which, in the absence of a referral, must be presumed to have retained jurisdiction with reference to the issue of custody.
We do not think it is necessary, in view of our position, to go into the question of whether or not this court would have jurisdiction to determine the custody of the child, George Christopher Hollenbeck, Jr. However, if that question were before us, we do not feel that the holding in Matter of Hood v Munroe (62 AD2d 1058, supra), in the absence of additional facts, is applicable. There appears to be a question where Mr. Hollenbeck resides in the State of New York or the State of Connecticut. If, in fact, he did not reside in the State of New York, there appears to be an absence of "other contacts with New York” (Matter of Hood v Munroe, supra, p 1058), the language used by the appellate court in that decision, as a basis for jurisdiction. In any case, a proceeding brought in Supreme Court would eliminate any question over jurisdiction *753 over Mr. Hollenbeck and also with reference to the issue of custody of both children.
This court will dismiss the petition for custody and vacate the.order to show cause.