■ In the Matter of DANA B. HASKELL, Appellant, v WALTER D. HASKELL, Respondent. — In a proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from an order of the Family Court, Nassau County (Collins, J.), entered July 18, 1980, which, *inter alia,* granted respondent's cross petition for a downward modification of the support provisions of the parties' judgment of divorce. Order reversed, on the law, without costs or disbursements, and petition and cross petition dismissed. The parties' divorce decree, which provided for alimony, support and maintenance payments for petitioner and the parties' child, also contained the following clause: "ORDERED, ADJUDGED AND DECREED, that this Order or Decree may be enforced or modified only in the Supreme Court." Subsequent to the divorce decree, the parties stipulated in the Supreme Court to a reduction of support payments. Thereafter, the petitioner brought the instant proceeding in the Family Court to enforce the support provisions of the divorce decree, as modified by the stipulation. In her

petition, she alleged that the Supreme Court had not retained exclusive jurisdiction to enforce the divorce decree. Respondent's cross petition for modification made the same allegation. The Family Court proceeded to grant both parties partial relief and the petitioner appeals. The Family Court lacked subject matter jurisdiction to enter such an order. Its jurisdiction is limited and cannot be supplied by consent (see *Harrington v Harrington,* 60 AD2d 982; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 411, 1976-1980 Supp, p 56). Although the Family Court has the authority to enforce or modify the support provisions of Supreme Court orders and decrees (see NY Const, art VI, § 13, subd c; Family Ct Act, § 422, subd [b]), it is precluded from doing so if the Supreme Court specifically provides that the order or decree can be enforced or modified only in the Supreme Court (see Family Ct Act, § 461, subd [b], par [ii]; § 466, subd [b]). The judgment of divorce at bar had such a limitation and the Family Court was without jurisdiction to entertain the proceeding. The parties' proper forum is the Supreme Court. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.